HENRY C. ADAMS, Appellant, *v.* PETER G. FOX, Executor, impleaded with LAWRENCE M. FOX, Respondent.

In an action brought by an attorney, setting up an agreement between himself and his client, that his claims for legal services and disbursements in a certain action brought against such client, should be a lien upon and be paid out of any judgment the client should recover in such action against the opposite party, who had notice of the agreement; and alleging that the client did recover a judgment in the action for a considerable amount, but had departed from the State; and praying that he may recover of his client the amount of his claim for such services and disbursements, and that the amount so recovered be declared a lien upon the judgment obtained by his client, and that the plaintiff be permitted to issue execution against the judgment debtor of such client to collect the amount of such lien.—*Held*, on demurrer (reversing the Supreme Court) that such judgment debtor was properly made a party defendant, as well as his creditor, the client.

(Submitted March 20th, 1869; held over the June term for further consideration, and decided at the September term, 1869.)

The plaintiff, as an attorney and counselor-at-law, performed legal services and paid out moneys by way of legal disbursements in the defence of two suits, brought by the respondent, as executor, against the defendant, Lawrence M.

Fox. The complaint, in the present action, fully described the nature of those suits, and claimed $1,606.95 to be due to him for such services and disbursements. It also showed that the defences were successful, and that in one of them, the defendant against whom the actions were brought, recovered a judgment against the plaintiff therein, the present respondent, for the sum of $2,570.34. It was claimed by the complaint, that an agreement was made between the plaintiff and his client, Lawrence M. Fox, by which it was agreed that he should have a lien upon, and be paid out of the judgment the defendant might recover, for his services and disbursements performed and incurred in defending both the suits. That the respondent against whom the judgment was recovered had notice of this agreement, and that the plaintiff's own client had left the State of New York, leaving the demands due to him wholly unpaid. Judgment was demanded that the plaintiff should recover the amount due to him against his debtor, the defendant, Lawrence M. Fox, that it should be adjudged a lien upon the judgment recovered in his favor against the respondent, and that the plaintiff should be at liberty to issue execution against the respondent, upon that judgment, for the purpose of collecting the amount recovered by him. The executor, Peter G. Fox, demurred to this complaint, assigning several grounds of demurrer, among them the objection that the complaint did not contain facts sufficient to constitute a cause of action. The other defendant answered the complaint, and the issue of fact arising upon the answer was determined in favor of the plaintiff by a final judgment. The plaintiff had judgment upon the demurrer at the Special Term, but the General Term reversed it and gave judgment in favor of the defendant, Peter G. Fox. From that judgment the plaintiff appealed to this court.

*H. C. Adams,* appellant in person.

*H. B. Cushney,* for respondent.

MASON, J.   The only question presented on this appeal, is from that part of the final judgment reversing the judgment of the Special Term on the demurrer of Peter G. Fox to the plaintiff's complaint.   The Special Term gave judgment for the plaintiff on the demurrer, and which was reversed by the General Term, and the plaintiff then appealed from the order reversing the Special Term and this court dismissed the appeal, holding the order not appealable.   (*Adams* v. *Fox, executor*, 27 N. Y. R., 640.)   The plaintiff then proceeded in the action and procured a judgment against the other defendant, Lawrence M. Fox, and the defendant, Peter G. Fox, executor, having entered a final judgment upon the decision of General Term on the demurrer, with costs adjusted at $101.90, the plaintiff has appealed therefrom to this court, and this presents the only question in this case.   The General Term of the Supreme Court held that Peter G. Fox, executor, was not a proper party defendant in the action, and reversed the judgment of the Special Term and gave judgment for defendant, Peter G., upon his demurrer to the complaint.   The General Term also held that there was no joint cause of action shown in the complaint against Lawrence M. and Peter G. Fox, or that the complaint showed no cause of action against Peter G. Fox, executor, and that there was no ground shown for making him a defendant.   In this, I think, the Supreme Court were clearly in error.   I know of no way the plaintiff could obtain the relief which he seeks in this case but by obtaining the judgment of the Supreme Court settling the amount of his claim for costs, and declaring it a lien upon the judgment against Peter G. Fox as executor.

The plaintiff's complaint seeks just this relief.   The plaintiff demands a judgement against L. M. Fox for the amount of his bill of costs, for professional services in defending the actions brought by Peter G., and that such judgment against L. M. Fox be decreed an equitable lien upon such judgment against the said Peter G. as executor.   And Peter G. was made a party defendant for the obvious reason that he was a proper party to a suit, in which the plaintiff sought a decree,

that the said executor pay over to him the amount of the judgment which he should establish against L. M. Fox, upon his claim for professional services, after the same was declared by the court to be a lien upon the said judgment against the said executor.

It was matter of entire indifference to this executor, whether he paid this judgment to L. M. Fox or to the plaintiff, or whether he paid the plaintiff to the extent of his equitable lien and the balance to L. M. Fox, and, as he stood neutral between them, he should not have interposed any defence, or if any, a simple interpleader.

I perceive no difficulty under the Code in seeking the whole relief in this suit. The plaintiff now may unite both legal and equitable causes of action in the same complaint. (Code, § 167; 9 How. Pr. R., 123.) The plaintiff had an attorney's lien upon this judgment and is entitled to equitable relief to enforce it, where no other adequate remedy exists. (*Haight* v. *Holcom*, 16 How. Pr. R., 173; 18 N. Y. R., 368; 15 J. R., 407; 12 Mees. & W., 45.) This judgment of the General Term reversing that of the Special Term, and giving judgment for the defendant Peter G. Fox, upon his demurrer to the plaintiff's complaint, should be reversed and the judgment of the Special Term affirmed with costs.

DANIELS, J. (dissenting.) By the judgment which Lawrence M. Fox recovered against the respondent, Peter G. Fox, as executor, the liability of the latter became fixed and settled for its payment, so far as the assets in his hands, in that capacity, lawfully permitted that to be done. As long as that judgment remains in force and unreversed, he cannot dispute the right of Lawrence M. Fox to the money recovered by it. That was conclusively established by the judgment. This result of the judgment was not confined to the immediate parties to it, but it included all those afterwards standing in privity with them, or either of them. (*Castle* v. *Noyes*, 4 Kernan, 329; *Mead* v. *Mitchell*, 17 N. Y., 210; 1 Greenleaf's Evidence, §§ 535-6.) If, therefore, the plaintiff had, by

assignment, become vested with an interest in the judgment equal to the debt owed him by Lawrence M. Fox, it would have remained as conclusive in his favor after such assignment, as it previously was in favor of the assignor who recovered it    The judgment debtor would have had no more legal right, in that case, to dispute or deny his liability to pay the amount assigned, than he would if the creditor had continued to retain and own it.    And yet the transaction itself, by which the assignee would derive the title accompanying this right, would be exclusively confined to himself and the judgment creditor.    The judgment debtor would be no further a party to it than as his liability to pay the proportion of the judgment assigned would necessarily be changed by the assignment.    It would still remain fixed and settled, and the validity of the change would be in no manner dependent upon his assent.    Notice to him of the assignment is all that the law would require, in order to render it his duty to observe the rights of the assignee, so far as he might afterwards voluntarily act in the payment of the amount assigned.    These rights and obligations do not depend upon the fact of a voluntary transfer from the judgment creditor to the assignee. They arise out of the transfer of the title to the money recovered by the judgment.    And they are incidents of it, whether it be voluntary in its nature or arise by the operation and force of legal proceedings.    The end and object of the latter is the accomplishment of what is produced by the act of the parties in the former case.    When, therefore, such proceedings prove to be effectual, they produce a similar transfer of title to that arising out of an actual assignment itself.    And the judgment in favor of the party succeeding to it by force of his proceedings, is as conclusive in his favor as it was in favor of the creditor whose rights he may have acquired.    And this was the theory of the plaintiff's action. For nothing is disclosed by his complaint contemplating any new or different proceedings against the judgment debtor for the collection of the judgment, than those provided for and directly and legally following its recovery.    On the contrary,

the theory of the complaint is that the judgment should still be collected by execution, if the plaintiff proved successful in his action. The effect of that success being to render the execution, which, without it, would have been exclusively for his debtor's benefit, subservient to the payment of the amount due to the plaintiff. The only change contemplated or intended was the appropriation of so much of the judgment, as might be required for that purpose, to the payment of his own debt. And this was a contest entirely between the plaintiff and his debtor, the judgment creditor. Neither the presence nor the absence of the judgment debtor could have any effect whatever upon the disposition which the law required to be made of it.

The only fact alleged in the complaint beyond the recovery of the judgment, affecting the judgment debtor, was the notice which it was alleged had been given to him of the plaintiff's right to the money recovered by the judgment. As, to this, it was not claimed that any dispute or controversy existed, or that any design had been manifested by the judgment debtor of disregarding it. Neither was it alleged or claimed in the complaint that there was any danger that the rights of the plaintiff would be disregarded by the judgment debtor. No grounds for any relief against him were disclosed. The right to be maintained in the form in which it was asserted, was solely against the judgment creditor. And if that proved to be successful, the plaintiff demanded judgment that it should be enforced against the judgment debtor by the means provided by the law upon the recovery of the original judgment, and not by any new or peculiar proceeding resorted to or provided for by a court of equity. What the plaintiff desired as to the judgment debtor, was the execution, and nothing beyond that, so far as the complaint disclosed his purpose. And his right to that for the purpose of securing his own debt out of the judgment, depended solely upon the result of his controversy with his own debtor. He sought no further relief against the judgment debtor, but only to be substituted for the judgment creditor, so far as

that was rendered necessary for the collection of his own debt. To the controversy involving that result, the judgment debtor was neither a necessary nor a proper party. It neither affected his interest nor his liability. They were exactly the same whichever way the controversy terminated. He was bound to apply the assets in his hands, so far as they were legally applicable to that purpose, to the payment of the judgment recovered against him, and no further obligation was designed to be imposed upon him. And the plaintiff, by making him a party to the present action, could neither accelerate the payment nor increase the amount he had been previously required to pay. The judgment demanded could not affect his interest or his person in any respect whatever. It could only change the direction of his liability. And that would result, if produced at all, by its effect as an assignment from the judgment creditor to the plaintiff, and not from any recovery against the judgment debtor. This was not sufficient to create a cause of action as to the latter.

The rule upon this subject was stated by WOODWORTH, J., in *Reid* v. *Vanderheyden* (5 Cowen, 733), as follows: "It is an elementary principle, recognized in all the books, that a person having no interest in the subject of dispute cannot be a party litigant; and I am not aware of a single exception in any one of our courts, whether proceeding according to the course of the common, civil or canon law. To show the nature and universality of the rule and illustrate and enforce it, we need only go to the doctrines of a court of equity, where the greatest possible latitude as to parties is indulged. There, not only must the original parties have an interest, but that interest is followed in all its changes."

The present case has no element which will bring it within this principle. The judgment debtor had no interest whatever that could legally or equitably be applied by it. And for that reason judgment was properly awarded to him by the court below. That judgment should therefore be affirmed.

HUNT, Ch. J., WOODRUFF, LOTT and MURRAY, JJ., concurred with MASON, J., for reversal.

GROVER and JAMES, JJ., concurred with DANIELS, J., for affirmance.

Order of General Term reversed, and Special Term affirmed with costs.