FRANKLIN EDSON AND STARKS EDSON, APPELLANTS, *v.* THOMAS GIRVAN, RESPONDENT, IMPLEADED WITH OTHERS.

*Demurrer — will be sustained if the plaintiff under the facts stated is not entitled to the specific relief demanded, although such facts would have entitled him to other relief.*

A demurrer interposed to a complaint upon the ground that it does not state facts sufficient to constitute a cause of action should be sustained, if the facts stated in the complaint do not entitle the plaintiff to the relief specifically demanded therein, even though they would have entitled him to some other or different relief had he demanded it.

Where, in an action against several defendants upon a promissory note, the relief demanded is a judgment for the amount due thereon against the defendants and each of them, and the facts alleged show that the plaintiff is not entitled to such judgment, a demurrer to the complaint should not be overruled even though the facts stated show that he is entitled to a judgment for an accounting.

APPEAL from a judgment, entered upon an order sustaining a demurrer to the complaint.

*William A. Beach,* for the appellants.

*John H. V. Arnold,* for the respondent.

DANIELS, J.:

The complaint sets forth the making and indorsement by the defendants Alfred C. Smith and Thomas Girvan of a promissory note for the sum of $2,870.53. This note was delivered to and owned by the plaintiffs. It was then averred in the first subdivision or cause of action that the makers of the note delivered to the defendant, The National Bank of the State of New York, certain property, the proceeds of which it agreed to apply in payment of this and other notes of the same makers; that the property had been converted into money, but the bank had refused to pay the note although requested to do so. By the second subdivision of the complaint, which included the same note, it was stated that the bank had received moneys, merchandise and other valuable things of the makers of the notes, in consideration of which it agreed to pay the note at its maturity to whoever should be entitled to the money due thereon; and that after demand the bank had refused to pay the same. The third count or cause of action was alleged by setting forth the same note, together with a statement that an agreement had been made between the makers of the note and the bank that they should deposit with the bank the title to all property they should purchase in the course of their business and deposit the property itself in whole or in part in warehouses owned or controlled by the bank or some of its officers; and should also deposit with the bank the moneys, notes, evidences of debt and other property received by them in the course of their business, and that the bank would pay at maturity all their notes and negotiable obligations then outstanding. That they fully performed the agreement, but that the bank had refused to pay this note although payment had been demanded at its maturity. Each of these three statements in plain terms set forth a joint contract by Smith and Girvan, created by the making and delivery of their promissory note, and a several contract on the part of the bank for its payment. These were each perfectly good causes of action in and of themselves. (*Lawrence* v. *Fox*, 20 N. Y., 268; *Hutchings* v. *Miner*, 46 id., 456; *Berley* v. *Taylor*, 5 Hill, 577.) And they were followed by a demand for judgment in these words:

"Wherefore the plaintiffs demand judgment against the defendants, and each of them, for the sum of $2,870.53, with interest

thereon from the 5th day of April, 1876, together with the costs and disbursements of this action."

The defendant Girvan demurred to this complaint upon the ground that it did not contain facts sufficient to constitute a cause of action against himself. And that was held to be its effect on the trial of the issue by the Special Term.

It is quite evident from the demand of judgment, which is a material portion of the complaint when no answer has been served, that the object of the action was to recover against each of the defendants upon the contracts or obligations specially set out in the complaint. For the demand of judgment was for the precise amount appearing to be due and unpaid both upon the note and the promise of the bank. No other or different relief than that was in any form asked for by this concluding portion of the complaint. And by the provisions of the Code the relief could not be more favorable than this to the plaintiffs unless an answer in the case should be served. (Code of Civil Procedure, § 1207.) And as this defendant did not answer but served a demurrer, this section of the Code is directly applicable to the disposition of the appeal.

It is, therefore, to be regarded as what is legally denominated an action on contract for the recovery of a specific sum of money against each one of the defendants, and for no other or different relief whatsoever. And as these contracts were by their terms several, the one created by the note being obligatory upon its makers, and the other entered into by the bank obligatory solely and only upon the bank, they could not legally be included in the same complaint, for they could not be made the ground of a joint judgment against all the defendants. (*Buffalo and Niagara Falls R. R. Co.*, 29 Barb., 391, 394.) And for that reason either of the defendants was at liberty on his own behalf to have demurred to the complaint for that reason. (Id., 394.)

In addition to the facts already mentioned it was stated in each subdivision of the complaint that an action had previously been brought upon the note against the makers, in which judgment had been recovered and execution issued and returned unsatisfied. From this statement it is clear that the plaintiffs already had a judgment against the makers of the note of the precise description of that which was again demanded by them by the complaint in this action.

And as that judgment in no manner appears to have been set aside, reversed or vacated, it was under the general principles of the law a merger of their liability upon the note and a legal bar to this action to again recover the amount of the debt.

This consequence results from the fact that the action has again been brought against the makers upon the note as a legal obligation, and that is all that is to be regarded on account of the restrictive demand of judgment that has been now included in the case.

It is not sufficient to relieve the plaintiffs from the operation and effect of this principle that they might, upon the facts set forth in the complaint, have demanded a different description of relief, for the provision of the Code upon this subject has been so framed where no anwer has been served as to require that to be included in the prayer for judgment, as well as the right to it to be shown by the facts set forth in the complaint. (*Simonson* v. *Blake*, 20 How., 484.) Upon the facts themselves judgment for an accounting against the bank would not be improper, and to such an action the makers of the note who placed the property in its possession would be proper parties. (*Hall* v. *Omaha National Bank*, 49 N. Y., 626; *Adams* v. *Fox*, 40 N. Y., 577; *Monroe* v. *Galveston, etc., R. R. Co.*, 19 Abb., 90; *Vanderpoel* v. *Van Valkenburgh*, 2 Seld., 190; *Haines* v. *Hollister*, 64 N. Y., 1.)

But where such is intended to be the object or scope of the action, it should be included within the demand for judgment to entitle the plaintiffs to that relief where no answer to the complaint shall be served. The right to such relief was by no possible construction within the demand of judgment which concluded the plaintiffs' complaint. And as the defendant did not answer but demurred, the plaintiffs are not entitled to such equitable relief. No cause of action of that nature under this limited demand for judgment is set forth against the defendant in whose behalf the demurrer was served. If this had been the demand for judgment it would have excluded the right to a personal judgment against the individual defendants, and they might very well, under it, have omitted to give any further attention to the case. For without interposing any objection or defense on that theory of the case, no personal recovery could be had against them. But as the case was made by the complaint, it became necessary that they should resist

the plaintiffs' right to another judgment against them for the amount of the demand already definitely recovered by that which has been entered.

The case was properly disposed of by the Special Term, and the judgment should be affirmed with costs, but with liberty to the plaintiffs to amend on the terms usually imposed.

BRADY, P. J.:

Section 1207 seems to control this case. If the defendant had not interposed a demurrer, the judgment might, I think, be less than asked for, namely, a judgment against the bank and not the other defendants. The relief asked having included them for another judgment, I think that brother DANIELS is right in his conclusions.

Present — BRADY, P. J., and DANIELS, J.

Judgment affirmed, with leave to plaintiffs to amend on the usual terms.