WILLIAM L. MATHOT, Respondent, *v.* FREDERICK E. TRIEBEL,
Appellant.

*Attorney and client — action to determine the extent of and to enforce an attorney's
lien, when maintainable — what services afford a basis therefor — the lien extends
to any balance due the attorney — the statutory provision is not exclusive — when
a party contracting with the client is not a necessary party to the action.*

An attorney, who, under the employment of a contractor who had entered into
an agreement with the State of Iowa for the erection of a monument, has ren-
dered services to the contractor out of court, may, without joining the State of
Iowa as a party defendant, maintain an action against the contractor to deter-
mine the extent of, and to enforce payment of, his lien on the papers of the
contractor in his possession and on moneys to become due to the contractor
upon the complete performance of the contract.

It is not material that the attorney did not commence any action or special pro-
ceeding for the contractor, as the existence of an attorney's lien is not dependent
upon the commencement of an action or special proceeding.

The statutory lien given to an attorney by section 66 of the Code of Civil Proced-
ure is not exclusive but cumulative; the power to ascertain and enforce an
attorney's lien had been exercised by courts of equity prior to the enactment
of the Code provisions.

The lien of an attorney upon the papers of his client attaches, not only for costs
and charges in the particular suit, but for any general balance in other profes-
sional business.

APPEAL by the defendant, Frederick E. Triebel, from an inter-
locutory judgment of the Supreme Court in favor of the plaintiff,
entered in the office of the clerk of the county of Queens on the 11th
day of February, 1904, upon the decision of the court, rendered
after a trial at the Kings County Special Term, overruling the defend-
ant's demurrer to the plaintiff's complaint.

The defendant, a contractor, entered into an agreement with the
State of Iowa for the erection of a monument at the " Shiloh Battle-
field " for the sum of $24,800 upon the completion and acceptance
thereof.

This action is in equity to ascertain and determine the extent of
and to enforce payment of a lien of the plaintiff, an attorney at law,
for services rendered the defendant out of court, under a general
employment, which plaintiff claims gives him a lien on the papers of
his client in his possession and on moneys to become due to the
client upon the complete performance of the outstanding contract.

The defendant demurred to the whole complaint on the ground that it did not state facts sufficient to constitute a cause of action, and that it appeared that there was a defect of parties defendant in that the State of Iowa was a necessary party.

The defendant also demurred to the separate alleged cause of action seeking to charge a lien in favor of the plaintiff upon moneys coming due to the defendant from the State of Iowa on both of the grounds above mentioned; and further demurred to the separate alleged cause of action seeking to charge a lien in favor of the plaintiff upon all papers and matters in the plaintiff's hands, the property of the defendant, on the ground that the complaint did not state grounds sufficient to constitute a cause of action.

*Daniel D. Sherman,* for the appellant.

*William L. Mathot* [*J. Du Pratt White* with him on the brief], for the respondent.

Interlocutory judgment affirmed, with costs, on opinion of Mr. Justice KELLY at Special Term.

All concurred.

The following is the opinion of Mr. Justice KELLY, handed down at Special Term:

KELLY, J.:

The questions whether there is more than one cause of action stated in the complaint and whether, if more than one, they should be separately stated, are not before me on this demurrer and are not material to its decision. The objection that the State of Iowa is a necessary party defendant does not seem to me to be well taken. (*Adams* v. *Fox,* 40 N. Y. 577.) The objections that the plaintiff's lien is a "retaining lien" and, therefore, "passive," that the plaintiff has no right to enforce it or have the amount thereof determined, and that the action is not justified, if sound (and I have grave doubt whether admitting the validity of the lien the attorney is barred from foreclosing it), are not grounds for demurrer. The fact that the plaintiff asked more in his complaint than he was entitled to would not make his complaint bad. No action or special pro-

ceeding had been commenced by the plaintiff as attorney for the defendant at the time of his discharge by defendant, and the defendant contends that until commencement of the action or special proceeding, no lien attaches (citing Code Civ. Proc. § 66). But the Court of Appeals in *Matter of Knapp* (85 N. Y. 284, 295), intimates that the lien exists under the Code before the actual commencement of the action. The plaintiff here is not confined to the statutory lien given by section 66 of the Code. "The remedy provided by the Code by means of a petition, is not exclusive, but cumulative, for a court of equity has always had power to ascertain and enforce liens." (*Fischer-Hansen* v. *B. H. R. R. Co.*, 173 N. Y. 492.) The lien of an attorney upon the papers of his client attaches not only for the costs and charges in the particular suit, but for any general balance in other professional business. (*Bowling Green Savings Bank* v. *Todd*, 52 N. Y. 489; *Maxwell* v. *Cottle*, 72 Hun, 529.) This is not a rule peculiar to attorneys, but applies to an ordinary factor. He has a lien upon goods consigned to and received by him, for unpaid balances before accrued. (*Knapp* v. *Alvord*, 10 Paige, 205; *Bryce* v. *Brooks*, 26 Wend. 367.) In *Matter of Knapp* (*supra*) the court discusses the origin of the lien. "The general proposition that an attorney has a lien for his costs and charges upon deeds or papers, or upon moneys received by him on his client's behalf in the course of his employment, is not doubted, nor does it stand upon questionable foundations. It comes to us *super antiquas vias*. As early as the year 1734 it was held by Lord Chancellor TALBOT (*Ex parte Bush*, 7 Vin. Abr. 74), to arise upon a contract implied by law and as effectual as if it resulted from an express agreement. * * * In our own State * * * Kent in his Commentaries (Vol. 2, p. 641), puts it down as an established principle that an attorney has two liens for his costs, one on the papers in his hands, and the other on the funds recovered." And Judge DANFORTH says (at p. 294): "It is plain then that the right of lien exists. Its origin should not be lost sight of. The declaration in *Ex parte Bush* was restated by Chancellor ELDON in *Cowell* v. *Simpson* (16 Ves. 279), where he describes it as '*prima facie* a right accruing through an implied contract;' and as it exists in favor of those who have bestowed labor and service upon property in its repair, improvement or preservation, the agree-

ment implied must be that the person rendering it shall retain the property until compensation is made. The lien of an attorney stands on no higher ground. In *Ex parte Yalden* (L. R. 4 Ch. Div. 129), JAMES, L. J., says: 'The things upon which they claim a lien are things upon which they have expended their own labor or their own money,' and asks: 'Why are they not to have that lien in the same way as any other workman who is entitled to retain the thing upon which he has worked until he is paid for it?'" I think, therefore, that under these decisions and the practice approved in the *Fischer-Hansen Case* (*supra*), the plaintiff has a right to maintain this action and that the complaint is good. The demurrer should be overruled, with costs, with leave to defendant to answer on payment of costs.

# Cases

DETERMINED IN THE

# FOURTH DEPARTMENT

IN THE

## APPELLATE DIVISION,

### November, 1904.