## In re McGUIRE'S ESTATE.

### In re McCORMICK.

(Supreme Court, Appellate Division, Second Department.  June 9, 1905.)

1. ADMINISTRATORS—DISCOVERY OF PROPERTY WITHHELD—IRREGULARITIES — WAIVER.

In proceedings pursuant to Code Civ. Proc. § 2707, to compel the delivery to petitioner, as administratrix, of "money or other personal property" belonging to the decedent, irregularities in the proceedings, consisting of failure to comply with section 2708, relating to the surrogate's order and the service thereof and of the citation, are waived by a general appearance and the filing of an answer to the merits.

2. SAME—LIEN OF ATTORNEY ON PAPERS OF CLIENT.

Independent of statute, an attorney has a lien on the papers of his client in his possession, which entitles him to retain them until his claim for services is paid.

[Ed. Note.—For cases in point, see vol. 5, Cent. Dig. Attorney and Client, §§ 378, 403.]

3. SAME—DISPUTE AS TO RIGHT OF POSSESSION—DUTY OF SURROGATE—DISMISSAL.

Under Code Civ. Proc. § 2707, relating to proceedings to compel the delivery to an executor or administrator of "money or other personal property" belonging to the decedent, and section 2710, providing: "If the witness admits having the control of the property, but the facts as to the petitioner's right are in dispute, the proceeding shall end, unless the parties consent to its determination by the surrogate, in which case it shall be so determined," where witness claimed a lien on the papers in his hands for his services as an attorney it was the duty of the surrogate to dismiss the proceeding.

Appeal from Order of Surrogate, Kings County.

In the matter of the estate of Alice McGuire, deceased.  From an order of the surrogate directing the delivery of certain papers to the administratrix of said estate, George G. Dutcher appeals.  Reversed.

Argued before BARTLETT, WOODWARD, RICH, and MILLER, JJ.

George G. Dutcher, in pro. per.

John C. Judge, for respondent.

MILLER, J.  This is a proceeding pursuant to section 2707 et seq. of the Code of Civil Procedure to compel the delivery to the petitioner, as administratrix, of "money or other personal property" belonging to the decedent, to the possession of which the petitioner claims to be entitled.  The property in question consists of certain letters patent of the United States conveying a tract of land in the state of Colorado, a deed to the petitioner, the decedent, and one Mary Ann McGuire, a sister, and certain tax receipts.  The order appealed from directs the appellant to deliver these papers to the attorney of the petitioner.  The appellant alleges that the requirements of section 2708 were not complied with.  It is unnecessary, however, to consider this objection, because, while an affidavit stating the facts appears to have been filed, no formal objection to the

proceeding appears to have been taken, and these irregularities were undoubtedly waived by a general appearance and the filing of an answer addressed to the merits. We may also assume, without deciding, that an administratrix is entitled to the papers of the decedent, including deeds of real property, and that their delivery may be compelled pursuant to section 2707 of the Code of Civil Procedure, and even then a fatal objection to the order appealed from exists. The appellant answered, alleging that he had a lien upon the papers in his hands for services as an attorney, which he sets forth with some detail. The learned surrogate, however, held that the lien of an attorney did not attach to such papers, and without further examination, upon the petition and answer, made the order appealed from. The facts stated in the answer must therefore be regarded as true for the purposes of this appeal.

Section 2710 provides: "If the witness admits having the control of the property, but the facts as to the petitioner's right are in dispute, the proceeding shall end, unless the parties consent to its determination by the surrogate, in which case it shall be so determined." We think there can be no doubt but that, independent of the statute, an attorney has a lien upon the papers of his client in his possession which entitles him to retain the papers until his claim for services is paid. Matter of H., an attorney, 87 N. Y. 521; Ward v. Craig, 87 N. Y. 550; Matter of Knapp, 85 N. Y. 284. This lien is described by Judge Earl in Goodrich v. McDonald, 112 N. Y. 157, 162, 19 N. E. 649, as a retaining lien, and this court has recently held in Mathot v. Triebel, 98 App. Div. 328, 90 N. Y. Supp. 903, that the statutory lien given by section 66 of the Code of Civil Procedure is not exclusive. The facts as to the petitioner's right to the papers being, therefore, in dispute, it was the duty of the surrogate to dismiss the proceeding.

The order appealed from should be reversed, with $10 costs and disbursements, and the petition dismissed. All concur.