(Surrogate's Court, Rensselaer County. February, 1907.)

EXECUTORS AND ADMINISTRATORS—RECOVERY OF ASSETS.

The surrogate, under Code Civ. Proc. § 2707, may examine a person alleged to have in her possession property belonging to the estate of a decedent, though the person sought to be examined claims the ownership of the property involved in the petition.

Application in the estate of Chauncey D. Packard to examine a person regarding personal estate alleged to have been in possession of decedent, under Code Civ. Proc. § 2707. Granted.

Harry P. Humphrey and John B. Holmes, for the petitioners.
William J. Roche, for the respondent.

HEATON, S. This is an application, under section 2707, to examine a person regarding personal estate alleged to have been received by and to have been in the possession of the deceased during the year previous to his death, and which personal property has not come to the hands of his executors, and which, it is alleged, aggregated about $7,000 in value. The person against whom the proceeding is brought was the housekeeper of the deceased, who was a widower over 80 years old; and she alleges by verified answer that $4,000 of such money was given to her by the deceased about six months prior to his death as compensation, in addition to a provision in his will, for long and faithful service as such housekeeper. As to the existence or disposal of the other property, she alleges no positive knowledge, and asks that the proceeding be dismissed by virtue of section 2709, Code Civ. Proc., and because the facts as to the petitioners' rights to the property are in dispute, in which case it is provided, by section 2710, that the proceeding shall end.

These sections of the Code have recently been considered in Matter of Gick, 49 Misc. Rep. 32, 98 N. Y. Supp. 299, affirmed Gick v. Stumpf, 113 App. Div. 16, 98 N. Y. Supp. 961. It was there held that recent amendments to these sections had changed the rule that a verified answer claiming title to the property in question ousted the surrogate of jurisdiction, and that now the surrogate is vested with discretion in such a case to direct the examination to proceed, and to determine from such examination, and not from the answer, whether or not there is a

bona fide claim of title to the property in question. It is the claim of title by the "witness," supported by the facts shown upon an examination, which requires the dismissal of the proceeding, and not the allegations in the answer made by the "person cited."

Executors and administrators are charged with the duty of getting possession of all the assets properly belonging to the estate of the deceased, and become personally liable if they fail to make all reasonable effort to that end. When they apply to the court for its assistance in performing the duty, the discretion of the surrogate should be exercised liberally in allowing them the most full and free examination into the facts regarding the claim of possession or title set up by a person alleged to have possession of property which the executors or administrators might reasonably expect to have come to them as assets of the estate. In the absence of the consent of the claimant to try the title to the property in Surrogate's Court, the result of the examination may not be the recovery of the property; but it will be a disclosure of the facts regarding such claim of title, which enables the executor or administrator to act intelligently in performing his duty of deciding whether or not to subject the estate to the expense of an action at law to recover the same.

Let the examination be had.

Application granted.