In view of these decisions, it must be held that the amended answer in this case was served in time, and that the plaintiff was not justified in moving for judgment. The original answer, although inartificial and certainly not in full conformity with subdivision 1, § 500, Code Civ. Proc., must, under the authority of Bennett v. Leeds Manufacturing Co., 110 N. Y. 150, 17 N. E. 669, be regarded as sufficient. The motion therefore is denied, with costs.

Motion denied, with costs.

---

(63 Misc. Rep. 494.)

### In re McGEE'S ESTATE.

(Surrogate's Court, Oneida County.   May, 1909.)

EXECUTORS AND ADMINISTRATORS (§ 85*)—COLLECTION OF ASSETS—DISMISSAL OF PROCEEDING.

An administrator instituted a proceeding for the discovery of assets under Code Civ. Proc. § 2707. Each witness on examination claimed title to the property in his possession and disputed the right of the administrator thereto. *Held,* that under the provision of such section that, if the petitioner's rights are in dispute, the proceeding shall end, unless claimants consent that the surrogate determine the rights of the parties, the proceeding will be dismissed.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 356; Dec. Dig. § 85.*]

In the matter of the estate of Thomas McGee.   Proceeding by administrator for discovery of assets.   Dismissed.

Curtin & Lee (William F. Dowling, of counsel), for administrator.

SEXTON, S.   This is a proceeding instituted by the administrator of this estate for the discovery of estate property under section 2707 of the Code of Civil Procedure. No answer in writing to the petition was filed.   Section 2710 of the Code of Civil Procedure provides:

"If the facts admitted by the witness show that he is in control of property to whose immediate possession the petitioner is entitled, the surrogate may decree that it be delivered to the petitioner. If the witness admits having control of the property, but the facts as to the petitioner's right are in dispute, the proceeding shall end, unless the parties consent to its determination by the surrogate, in which case it shall be so determined."

Several of the articles of personal property specified in the petition were traced into the possession of some of the witnesses who testified on this hearing. Each witness claimed the property in his or her possession on the ground that it had been given to him or her by the deceased in his lifetime, or that it had been purchased with the witness' earnings. Upon the evidence the right of the administrator to any of the items of personal property set out in the petition was disputed.

It is not necessary that an answer in writing should be filed by any claimant in order to place in dispute the petitioner's right to the property, as the provision in section 2710 of the Code of Civil Procedure, for the determination of the proceedings where a dispute arises as to the ownership of property, refers to a dispute developed upon the examination of the claimant, and not a dispute which he creates by al-

legations in an answer to the petition for his examination. Matter of Gick's Will, 49 Misc. Rep. 32, 98 N. Y. Supp. 299, affirmed 113 App. Div. 16, 98 N. Y. Supp. 961.

The facts as to the petitioner's right to the property in question being in dispute upon the evidence, and the parties interested not having consented that the surrogate determine these questions, the proceeding is dismissed.

Ordered accordingly.