to have lost the power to make its own peculiar letters; yet so long as there was the conscious wish of the testator that his hand should make the signature, and he participated in any degree in the making of it and acquiesced in and adopted the signature thus made, it was sufficient."

With the above statement of the law, I am in accord.

[3] The contestant lays some stress upon the fact that there is nothing in the evidence which shows that the testatrix acknowledged the signature to be hers, but I do not deem this of importance, because the subscription was actually made in the presence of the witnesses, and if it was a subscription by the testatrix made in the presence of the witnesses, as I have found, even though made with the assistance of some one else, an acknowledgment was unnecessary.

Upon the whole testimony, I find that the will was executed in accordance with the statute by a person competent to make the same, and it will accordingly be admitted to probate. Costs to the proponent payable out of the estate. Settle findings and decrees on two days' notice.

Decreed accordingly.

---

(85 Misc. Rep. 654)

### In re LEHMANN'S ESTATE.

(Surrogate's Court, Bronx County. May, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 85*)— PROCEEDINGS TO DISCOVER PROPERTY—JURISDICTION.

　　Where, in a proceeding brought under Code Civ. Proc. § 2707, to discover a decedent's property, it appears that questions of fact affecting the petitioner's right to possession are involved, the surrogate cannot pass on the merits without consent of the parties.

　　[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 339–358; Dec. Dig. § 85.*]

Proceedings under Code Civ. Proc. § 2707, to discover property of Karoline Lehmann, deceased. Proceeding dismissed.

William H. Siebrecht, Jr., of Long Island City, for petitioner.
Milton A. Willment, of New York City, for respondent.

SCHULZ, S. This proceeding was brought under section 2707 of the Code of Civil Procedure to discover property of the above-named decedent, alleged to be in the possession of the respondent. The respondent interposed an answer in which he denied that he had any property in his possession or under his control belonging to the estate of the deceased, or which should be delivered to the petitioner. He admitted having in his possession a passbook and a certificate of ten shares of stock of the Business Men's Building & Loan Association of Jersey City, N. J., but denied that they were the property of the decedent or of her estate, and alleged that he was the owner of the said book and certificate and entitled to the possession thereof. He also stated that he was "not willing to consent to the determination of his rights if disputed in this court." The surrogate, nevertheless, and by virtue of the power given him by section 2709 of the

Code of Civil Procedure, directed the examination to proceed (Matter of Gick, 113 App. Div. 16, 98 N. Y. Supp. 961), and the same has been concluded.

The power of the surrogate to direct the delivery of property must be exercised with great care. He should not make an order adverse to a party cited, unless it conclusively appears as a matter of law, from the evidence produced, that his claim or title is not well founded. Matter of Gick, supra. From the examination had herein, it appears that there are questions of fact involved affecting the petitioner's right to possession, which the surrogate cannot determine without the consent of the parties. Code Civ. Pro. § 2710; Matter of McGee, 63 Misc. Rep. 494, 118 N. Y. Supp. 423; Matter of Kellogg, 72 Misc. Rep. 303, 131 N. Y. Supp. 203. The respondent having refused to consent to the determination of this matter by the surrogate, it must, under the circumstances here present, end, and the petitioner must seek some other forum having jurisdiction to decide upon the merits, which, under the circumstances, I have no power to do. The proceeding is therefore dismissed, but not upon the merits, and without costs. Settle order accordingly on two days' notice.

Decreed accordingly.

---

(85 Misc. Rep. 628)

### In re HARTY'S ESTATE.

#### (Surrogate's Court, Erie County. May, 1914.)

WILLS (§ 303*)—SUBSCRIBING WITNESSES.

Where neither of the subscribing witnesses saw testatrix sign the will, and one of them does not know whether he saw her signature thereto, and the other; after three years, signed the will as a witness, probate will be denied.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 711–723; Dec. Dig. § 303.*]

In the matter of the probate of the will of Jeanette A. Harty. Probate denied.

John E. Selkirk, of Buffalo (Wm. D. Van Pelt, of Buffalo, of counsel), for petitioner.

Charles J. Stickney, special guardian.

HART, S. The document offered for probate is a typewritten paper prepared by a minister, at the request of the testatrix, and is in the general manner and form of a will, containing legacies, bequests, and the nomination of an executor. The proposed will was drawn some time during the month of January, 1911, and delivered to decedent; it was signed by testatrix, and at her request James Anderson signed as a witness on February 2, 1911. On November 15, 1913, Roswell Jeffreys was called to the home of testatrix, and at her request signed the will in question as a witness, after a lapse of nearly three years. Neither witness saw testatrix sign her name, and the witness Anderson is not positive as to whether or not he observed her signature.