Under Code Civ. Proc. § 2707, as amended in 1893, authorizing the examination of a person having knowledge of personal property which should be delivered to an executor or included in his inventory or appraisal, and refusing to give such knowledge to him, a bank which from time to time had custody of assets deposited by decedent as security for loans can be required to inform the executor as to what those assets were.

In the matter of the estate of Joseph Richardson, deceased. Motion to vacate an order authorizing the examination of a bank having knowledge of decedent's assets. Denied.

Nicoll, Anable & Lindsay, for petitioner.
Miller, Peckham & Dixon, for respondent.

THOMAS, S. Section 2707, Code Civ. Proc., as enacted in 1880 and amended in 1893, and as it now stands, authorizes an examination of a person who has knowledge or information concerning money or other personal property which should be delivered to an executor or administrator, or included in an inventory or appraisal, and who refuses to impart such knowledge or information, or to disclose any other fact which will aid such executor or administrator in making discovery of such property, so that it cannot be inventoried or appraised. The remedy is not confined to a proceeding against a person shown to be in possession of the property.

Indeed, as pointed out by the commissioners to revise the Code, in their note to section 2712, no decree can be made by the surrogate which shall pass upon a question of title, and the only decree possible is confined to a determination of the question of possession. The remedy is a useful one, and the legislature clearly intended to confer the power upon this court to administer it. That it is in the nature of an investigation which cannot end in a decree requiring the person proceeded against to do or to refrain from doing any act beyond testifying is not an objection available to the person required to testify. The chapter of the Code in which the section is placed requires an executor or administrator to procure an appraisal and inventory, and the examination is to be had so as to make such appraisal and inventory possible. The corporation now sought to be examined was the banker of the decedent, and from time to time had custody of assets deposited by the decedent with it as security for loans. It is now asked merely to inform the executor of the will of its customer as to what those assets were. The motion to vacate the order is denied, and the examination will be required to proceed.

Motion denied.