(34 Misc. Rep. 436.)

## In re O'BRIEN.

(Surrogate's Court, New York County. April, 1901.)

1. ADMINISTRATION OF ESTATES—DISCOVERY OF ASSETS.

Where an application is made by a temporary domestic administrator under Code Civ. Proc. §§ 2707, 2710, for discovery against a foreign temporary administrator of the same decedent, and it is alleged that the latter has much information as to the state and possession of a large amount of property, an answer by such foreign administrator that he has not possession of any assets in the state, and that as to the assets in the foreign state he is entitled to possession, is insufficient where it does not set out the extent of his special title or describe correctly the property.

2. SAME—DISCLOSURE OF INFORMATION.

Where it appears that a foreign temporary administrator of a resident decedent has information necessary to enable the domestic administrator to prepare his inventory, an application to compel the foreign administrator to disclose such information will be granted.

Application of John P. O'Brien, administrator of William M. Rice, for a discovery under Code Civ. Proc. §§ 2706–2710, against James A. Baker. Motion to dismiss application denied.

Davies, Stone & Auerbach, for temporary administrator, petitioner. Hornblower, Byrne, Miller & Potter, for respondent.

THOMAS, S. The proceeding is for discovery under sections 2706–2710 of the Code of Civil Procedure. The petitioner is a temporary administrator appointed pending a contest concerning the probate of alleged wills. By his petition he alleges, among other things, that the respondent was one of the most intimate friends of the decedent, and is in possession of much information respecting the character,

amount, and whereabouts of the property of the decedent, and is in possession of a large amount of personal property and money which belonged to the decedent at the time of his death, and has refused to deliver the said personal property and money to the petitioner; that the decedent was a resident of the county and state of New York, and that the respondent claims to be a temporary administrator of the goods, chattels, and credits of the said decedent in and for the state of Texas, claiming to have been appointed under the authority of some court in the state of Texas, which appointment is charged to be void and of no effect. The respondent files an answer which he insists is adequate to require a dismissal of the proceeding, and the force and effect of this answer is now to be considered. By this answer he alleges, in substance, that he personally has in his possession no personal property or money which belonged to the decedent at the time of his death, but admits that "there is money deposited to his credit in certain banks in Texas, and that there is other personal property in Texas over which he, as temporary administrator, has control, and which came into his possession as such temporary administrator, and for which he is accountable to the court which appointed him." He alleges that "as to all such property in the state of Texas he is entitled to the possession thereof by virtue of a special title therein as temporary administrator of the estate of William M. Rice, under the appointment duly made by a court in Texas having jurisdiction on the 28th day of September, 1900." He denies that he withholds any property from the petitioner except such property as is in the state of Texas. The provision of law as to defeating a proceeding to compel an examination to discover assets of a decedent is as follows:

"If the person so cited interpose a written answer, duly verified, that he is the owner of said property, or entitled to the possession thereof, by virtue of a lien thereon, or special property therein, the surrogate must dismiss the proceedings as to such property so claimed." Code Civ. Proc. § 2709.

It is not sufficient to prevent the examination to deny possession of property specifically described in the petition or of property generally belonging to the estate of the decedent. In re Hastings' Estate, 6 Dem. Sur. 423; Public Adm'r v. Elias, 4 Dem. Sur. 139; In re Seaman's Estate, 16 Wkly. Dig. 118. If a dismissal is had, it is only "as to the property so claimed," and unless the admission of possession and claim of title by the respondent covers all of the assets which, by the terms of the petition, are sought to be discovered, the investigation must proceed as to the property as to which possession is denied. Public Adm'r v. Elias, supra.; In re Peyser, 25 Misc. Rep. 70, 54 N. Y. Supp. 707. The examination is for discovery, and a person may be examined who has information which he withholds, but who is not charged with having possession of any of the assets of the decedent. Code Civ. Proc. § 2707; In re Richardson, 31 Misc. Rep. 666, 66 N. Y. Supp. 94. And if, on the examination of a person having possession of assets formerly of the decedent, it appears that the respondent makes a claim of title not clearly untenable, the parties must be remitted to an action. In re Curry's Estate, 25 Hun, 321. These principles require a denial of the motion to dismiss the proceeding in

its entirety. As to property not within the state of Texas, and not covered by the claim of the respondent as temporary administrator of Texas assets, appointed by a Texas court, the sole effect of the answer is to deny possession. It is plain from the answer itself that the respondent has knowledge or information, and this he must impart. As to the property claimed by the respondent as temporary administrator, his answer does not clearly state the nature and extent of his special title, and describe with fullness and accuracy the property as to which a dismissal of the proceeding could be ordered, and this is indispensable in order to justify even a partial dismissal of the proceeding. In re Motz, 5 N. Y. St. Rep. 343; Trust Co. v. Rogers, 1 Dem. Sur. 365; De Lamater v. McCaskie, 4 Dem. Sur. 553. It is admitted that the decedent was a resident of this state and county. The administration in Texas must therefore be ancillary to the administration here, and for the purpose only of protecting Texas creditors. What is the amount of the Texas debts which measure the rights of the ancillary administrator? What are the assets which, by the order now sought, are to be excepted from the operation of the present proceeding by virtue of the respondent's special title in them? Do those assets have a situs in Texas, or are they lawfully assets in the domicile of the decedent? The nature of the court by the authority of which the respondent claims to act is not divulged. It is true that the word "duly" may sometimes, when used in a pleading, stand for allegations concerning regularity of procedure, but the name of a court said to have exercised an important jurisdiction is not one of the details thus covered; and, when the question is as to the extent of an inquiry to be made, it cannot preclude this court from inquiring as to the source of an authority which is to keep an indefinite, and possibly a very large, portion of the estate from the possession of its proper custodian. It may very well be that, on a full statement of the facts, the claim of the respondent to retain a substantial part of the assets of this estate under the Texas law, and for distribution by a Texas court, will not be interfered with in this proceeding; but the right of our administrator to know the facts, so as to make his inventory and to enable him to assert his claims in other courts, is entirely a different matter. The application to dismiss the proceeding is denied.

Application denied.