(63 App. Div. 614.)

### JONES et al. v. KELLY et al.

(Supreme Court, Appellate Division, First Department. July 9, 1901.)

1. WILLS—BEQUESTS TO CHARITY—VALIDITY—RIGHT TO CONTEST.

Laws 1860, c. 360, forbidding a testator, having a husband, wife, child, or parent, to give to any charitable institution more than one-half the estate after payment of debts is peremptory, and hence the bequest prohibited may be challenged by any person who would derive a benefit from the estate, though not one of the relatives designated.

2. SAME—INVALID PROVISION—PROPERTY—DESCENT.

A portion of a testator's real estate, not effectually disposed of by his will, will be treated as real estate, and descends immediately on the testator's death to his heirs at law.

3. SAME—EQUITABLE CONVERSION—RESULTING TRUST.

Where a testator directs his executors to sell his lands, and from the proceeds pay bequests, one of which is void, there is no equitable conversion of the whole, but a resulting trust in favor of the heirs at law pro tanto.

4. SAME—INVALID PROVISION—DESCENT.

Where a testator fails to effectually dispose of property which descended from his father, decedent's heirs on his paternal side are entitled thereto.

5. SAME—EXECUTOR—POWERS IN TRUST.

Where a testator directs his executor to sell his land, and from the proceeds thereof pay a bequest void under Laws 1860, c. 360, forbidding certain testators from giving any charitable institution more than one-half the estate after payment of debts, such executor has a power in trust for the purpose of carrying out the valid provisions, and can sell the realty to pay such institution the one-half.

Appeal from special term, New York county.

Action by Winifred F. Jones and others against Mary Ann Kelly and others to set aside the will of John P. Conlon, deceased, who died without issue or parent, leaving property to certain charitable institutions, after the payment of debts and certain legacies. From a judgment in favor of plaintiffs, Eva K. Conlon appeals. Affirmed.

The following is the opinion of the court below (O'GORMAN, J.):

The right to challenge bequests prohibited by the act of 1860 is not confined to the widow or the next of kin specifically named therein. Harris v. Society, 4 Abb. Prac. (N. S.) 421; Rich v. Tiffany, 2 App. Div. 25, 37 N. Y. Supp. 330. Trustees v. Ritch, 151 N. Y. 282, 45 N. E. 876, 37 L. R. A. 305, is not to the contrary, for it cites with approval the Harris Case, wherein it was distinctly held that the prohibition of the statute is peremptory, and may be insisted upon by any person who would derive a benefit therefrom. The one-half of testator's estate not effectually disposed of by his will must be treated as real estate, and it descended immediately upon his demise to his heirs at law. While apt language has been employed to work a conversion, the conversion fails, however, as to that part of the will that is invalid. A power to executors for an invalid purpose will not create a conversion, and, where the object for which the sale of lands is directed fails in whole or in part, there is no equitable conversion of the whole, and there is a resulting trust in favor of the heirs at law pro tanto. The land in such a case retains its original character, and descends to the heirs. Chamberlain v. Chamberlain, 43 N. Y. 431; Chamberlain v. Taylor, 105 N. Y. 185, 11 N. E. 625; Gourley v. Campbell, 66 N. Y. 174; Read v. Williams, 125 N. Y. 566, 26 N. E. 730, 21 Am. St. Rep. 748; Betts v. Betts, 4 Abb. N. C. 419. As the real estate descended from the father of the decedent, the heirs entitled to the one-half not disposed of are the plaintiffs, and the defendants Maria Conor and James Con-

nington, who appear to be the decedent's only heirs on the paternal side. The defendant Dwyer has a power in trust for the purpose of carrying out the valid provisions of the will, and can, therefore, sell the realty to pay the institutions their one-half; the remainder of the proceeds, after making due allowance for the debts and widow's dower, to descend to the heirs above named as real estate. Wager v. Wager, 89 N. Y. 161.

Argued before O'BRIEN, INGRAHAM, McLAUGHLIN, HATCH, and LAUGHLIN, JJ.

M. A. Tyng, for appellant Conlon.

B. P. Ryan, for respondents Jones and others.

L. S. Goebel, for respondents Kelly and others.

PER CURIAM. Judgment affirmed, with costs, on opinion below.

---

(35 Misc. Rep. 558.)

PEOPLE v. SCANNELL, Fire Commissioner, et al. (two cases).

(Supreme Court, Special Term, New York County. July, 1901.)

1. CRIMINAL LAW—REMOVAL OF INDICTMENTS.
    Removal of indictments from the court of general sessions of the peace in and for the city and county of New York is a matter of right where good cause is shown.

2. SAME—GROUNDS.
    The fire commissioner of the city of New York, who was individually indicted for felonies affecting his official conduct, and also for conspiracy with another defendant to defraud the city in the matter of bids for fire department work, alleged that in all his transactions he acted on the advice of the corporation counsel, and the defense showed that difficult and important questions of law were involved, and defendants asked for a removal of the indictments from the court of general sessions to the supreme court. Held, that the removal will be allowed.

John J. Scannell, fire commissioner of the city of New York, and William L. Marks, were indicted for conspiracy. Motion to remove indictments into the supreme court for trial. Applications granted.

See 72 N. Y. Supp. 449.

Myers, Goldsmith & Bronner, for the motions.

Eugene A. Philbin, Dist. Atty., opposed.

McADAM, J. On June 28, 1901, two indictments were found by the grand jury of the court of general sessions against the defendant John J. Scannell, charging him with certain felonies and misdemeanors affecting his official conduct as the fire commissioner of the city of New York. Simultaneously therewith, the grand jury indicted the said Scannell and William L. Marks for conspiracy, the indictment charging that, as the result of such conspiracy, Marks was, at the expense of the city, to be favored in the awarding of bids for fire department work. This last indictment covers 91 typewritten pages. It is needless to say that the cases are important ones, not only to the people of the state, but to the defendant Scannell, who, if convicted, must not only suffer imprisonment, but lose his office, and be forever disqualified from holding any other office. The defendants apply to remove the trial from the court of general sessions to this court because of the character of the cases, the