did not show a state of facts charging the defendant with liability for punitive damages, for it was not shown that the servants of the defendant who ejected the plaintiff were known to the defendant to be improper servants, or that they had ever been guilty of conduct which should have given notice of their vicious tendencies, though the fact that the defendant defended the conduct of its servants under the theory that the plaintiff was drunk, where it appears that he had not been drinking that day at all, might have a tendency to show ratification. But counsel for the plaintiff asked the court to permit the jury to divide the damages, stating what amount was found for compensation and what amount for punitive, and the court directed the jury to comply with this request, with the result that the jury found a verdict for $1,500 for compensatory damages, and $100 for punitive damages. This, it seems to us, protected the defendant. There can be no doubt that the charge of the court in respect to compensatory damages was clear and correct, no exception being taken to that portion of the instruction; and the jury having found that the damages sustained by the plaintiff by his injuries and for the humiliation which he suffered amounted to $1,500, so much of the verdict is entirely warranted by the evidence and affords no ground for complaint. As to the $100 for punitive damages, we are of the opinion that the evidence did not warrant the submission of that question to the jury, and that the judgment should be modified by striking out the $100, and, as thus modified, the judgment should be affirmed.

The judgment should be modified as suggested above, and, as so modified, should be affirmed, together with the order appealed from, without costs. All concur.

(113 App. Div. 16)

### GICK v. STUMPF.

(Supreme Court, Appellate Division, Third Department. May 2, 1906.)

EXECUTORS AND ADMINISTRATORS—DISCOVERY OF ASSETS.

    Code Civ. Proc. § 2707, permits an inquiry concerning the property of deceased persons withheld from the personal representative. Section 2709, as amended by Laws 1903, p. 1195, c. 526, provides that on the attendance of a person to whom a citation is issued he may submit a verified answer showing cause why the examination should not proceed, and that the surrogate may then dismiss the proceeding or direct an examination when he may be examined fully as to the property of decedent, the extent of the examination to be in the discretion of the surrogate. Section 2710, as amended by Laws 1903, p. 1195, c. 526, provides that, if the facts admitted show that witness is in control of property to whose possession the petitioner is entitled, the surrogate may decree that it be delivered to the petitioner, and that if witness admits having control of the property, but the facts as to his right are in dispute, the proceeding shall end unless the parties consent to its determination by the surrogate. *Held*, that since the amendments surrogates have power, under the statutes, to examine a person proceeded against notwithstanding the interposition of an answer alleging title to the property in question.

    [Ed. Note.—For cases in point, see vol. 22, Cent. Dig. Executors and Administrators, § 347.]

Appeal from Surrogate's Court, Saratoga County.

In the matter of the application of Frank Gick, as executor of

Rosina 'Stumpf, deceased, for a discovery against Frank Stumpf. From an order denying a motion to dismiss the proceeding and from an order of the surrogate (98 N. Y. Supp. 299) resettling the first-mentioned order, defendant appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHESTER, KEL-LOGG, and COCHRANE, JJ.

George B. Lawrence, for appellant.
Walter A. Chambers, for respondent.

COCHRANE, J. Pursuant to section 2707 of the Code of Civil Procedure, the petitioner, who is the executor of the last will and testament of Rosina Stumpf, deceased, presented to the Surrogate's Court a petition wherein he alleged that the appellant, Frank Stumpf, had in his possession money and property belonging to the estate of the said deceased, and that the appellant withheld the same from the petitioner, together with documents and papers belonging to the deceased and all knowledge and information relating thereto, and wherein the petitioner prayed an inquiry respecting such property and that the said appellant be cited to attend such inquiry and be examined accordingly. A citation was thereupon issued, and on the return thereof the appellant submitted an answer, duly verified, putting in issue the title to the property mentioned in the petition and claiming ownership of such property and thereupon he demanded a dismissal of the proceeding. From the order refusing to dismiss the proceeding this appeal was taken.

It is the contention of the appellant that on the submission of such answer placing in issue title to the property in question it was the duty of the surrogate to dismiss the proceeding, and that he had no power to proceed with the examination of the appellant. Section 2709 of the Code of Civil Procedure, relating to this proceeding, provides that:

"On the attendance of a person to whom a citation is issued, as prescribed in this article, he may submit an answer duly verified showing cause why the examination should not proceed. The surrogate may then dismiss the proceeding or direct the examination to proceed. In the latter case he must be sworn to answer truly all questions put to him, touching the inquiry prayed for in the petition; and he may be examined fully and at large respecting property of the decedent. * * * The extent of the examination shall be in the discretion of the surrogate. If the witness is examined concerning any personal communication or transaction between himself and the decedent, all objection under section eight hundred and twenty-nine to his testimony as to the same in future litigation is waived. Either party may produce further evidence in like manner and with like effect as on a trial."

Section 2710 of the Code of Civil Procedure provides that:

"If the facts admitted by the witness show that he is in the control of property to whose immediate possession the petitioner is entitled, the surrogate may decree that it be delivered to the petitioner. If the witness admits having the control of the property, but the facts as to the petitioner's right are in dispute, the proceeding shall end, unless the parties consent to its determination by the surrogate, in which case it shall be so determined."

These sections of the Code of Civil Procedure were materially amended in 1903; the sections as amended being as above set forth.

Whatever construction may have been placed on them prior to such amendments, there is no doubt that since the amendments surrogates have power to examine a person proceeded against, notwithstanding the interposition of an answer alleging title to the property in question. It was doubtless the legislative purpose in making such amendments to enlarge the power of surrogates in a proceeding of this kind. Formerly a surrogate was bound by an answer such as was interposed herein. But under the present statute he may proceed and examine the person cited as to the facts alleged in his answer. He may inquire into the verity of the answer, and is not bound thereby. It is the facts disclosed by the evidence, and not the allegation of the answer, which determines the proceeding. Of course, the surrogate can make no order adverse to the person cited affecting the property in question, unless it conclusively appears as matter of law from the evidence produced that his claim of title is not well founded. But the purpose of the statute is to enable the surrogate to say whether the claim of title alleged in the answer rests on a sound foundation, or is a mere subterfuge on the part of the claimant to deprive the executor or administrator of the property or of information concerning the same. The case of Matter of McGuire's Estate, 106 App. Div. 131, 94 N. Y. Supp. 97, is not pertinent to this case. There the order appealed from directed the delivery of property without any examination, notwithstanding an answer showing the right of the appellant to hold the property.

It is said that this construction of the statute vests in surrogates much inquisitorial power, and that the statute may thereby be made oppressive. This argument assumes that surrogates will not wisely exercise the discretion vested in them. That much discretionary power is given them is apparent. When an answer is submitted, "the surrogate may then dismiss the proceeding or direct the examination to proceed." "The extent of the examination shall be in the discretion of the surrogate." It is a discretion which should be wisely exercised and carefully guarded against abuse. But there are cases and circumstances where such power may properly be exercised by surrogates, and the extent of the examination permitted in each case should depend on a sound exercise of discretion.

The orders should be affirmed, with $10 costs and disbursements. All concur.