(87 Misc. Rep. 571)

In re SILVERMAN.

(Surrogate's Court, New York County.   November, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 85*)—DISCOVERY OF ASSETS—PLEADINGS AND ISSUES.

A petition alleged that bonds were given by decedent to respondent as collateral security for notes of decedent, to enable respondent to borrow money for his own use, but did not allege that the bonds were then in the possession or under the control of the respondent.  The answer denied respondent's possession, but did not allege title or right to possession in respondent, but alleged that another party claims an interest in or may be entitled to the bonds.  *Held*, that the pleadings did not raise an issue of title between petitioner and respondent, under Surrogates' Law, Code Civ. Proc. § 2676, providing that a respondent, who by answer denies possession of property of decedent, shall be sworn to answer all questions and an application for a trial by jury would be denied, but respondent would be ordered to submit to an examination and discovery.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 323, 339–358;  Dec. Dig. § 85.*]

In the matter of the application of Max Silverman, as executor under the last will and testament of Sarah Seadler, deceased, for an order directing Lewis Coon to appear and be examined, etc., pursuant to section 2676 of the Code of Civil Procedure.  Application for an order for a trial by jury denied.

Foster & Cunningham, of New York City, for petitioner.
Harold E. Lippincott, of New York City, for respondent.

FOWLER, S.  This is an application for an order for a trial by jury in a proceeding to discover property alleged to be withheld from an executor.  A proceeding to discover property alleged to be withheld from personal representatives is in this court a wholly statutory proceeding.  It was primarily a proceeding in aid of a more correct and efficient administration of estates in this court.  The history of the legislation affecting this proceeding up until the year 1905 is well, although by no means exhaustively, presented in the judgment in Matter of Gick, 49 Misc. Rep. 32, 98 N. Y. Supp. 299, affirmed 113 App. Div. 16, 98 N. Y. Supp. 961.  It was in that case held that a discovery was a proceeding of an inquisitorial nature.   It was directed to the nature of the adverse possession and not to title.  I shall not at this time attempt to review the numerous decisions of our courts on the particular limitations gradually imposed on this statutory proceeding in this court. It will suffice for present purposes to point out that the statutes giving the proceeding originally contemplated not a new equitable remedy to recover possession, but an aid in administration of estates, the better to enable the enforcement of legal rights, cognizable in forums other than those of the surrogates themselves.  Until recently, when an issue of legal title arose by sworn answer (Matter of Will of Walker, 136 N. Y. 20, 29, 32 N. E. 633), or after the year 1903, when it arose in the course of the subsequent examination (Gick v. Stumpf, 113 App. Div. 16, 98 N. Y. Supp. 961;  In re McGee, 63 Misc. Rep. 494, 118 N. Y. Supp. 423), the surrogate's jurisdiction was quite at an end.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

It is now claimed that the Code of 1914, embodying the new Surrogates' Law, has put an end to all such limitations and that every discovery proceeding is a trial in pais, or rather that whenever an issue of the better legal title arises in a discovery proceeding, either by consent of counsel or on the face of the pleadings, a jury trial of the entire proceeding is a matter of right in this court. To the accuracy of this contention I cannot assent. This is still a court of specific, or rather of peculiar, and limited jurisdiction. Because of the new Surrogates' Law of 1914 it is no other court than that it has always been. Consent can never confer on a surrogate jurisdiction in a matter where it does not exist. This is not primarily a jury court, but one where a trial by jury may be had only in specific instances.

A trial by jury in this court is none the less a trial before the surrogate, and a consent by the parties to a trial by jury confers no jurisdiction on the surrogate to so conduct the trial. The consent is quite out of all consideration. Surrogates have no power or jurisdiction to conduct a trial by jury, except in certain contested probate matters, and in other matters, regularly in court, only where an issue arises in which the parties have a constitutional right to trial by jury in some other court. No other issue of fact can be submitted by a surrogate to a jury. The surrogate continues in this court to be the ordinary trier of fact until a matter is brought precisely within the statute.

I am also persuaded that where an issue of title appears on the face of the petition and answer in a discovery proceeding no right to trial by jury exists ipso facto at that stage of the proceeding. The state of the pleadings does not conclusively carry the right to trial by jury in this court. Here the discovery must proceed regularly, in the first instance, before the surrogate alone, and when he is satisfied, and not before, that there is a genuine and bona fide issue of legal title, by constitutional right heretofore triable by jury, then, and not before then, the parties have a right, in a case where they would have a constitutional right to a trial by jury in another court, to a trial by jury in the Surrogate's Court. The surrogate will, when that fact is established, in an orderly way and at a proper time to be appointed, present the issue of title to a common jury. Otherwise feigned issues might be brought surreptitiously in this court, and the regular common-law courts of the state might be deprived of their proper jurisdiction.

A discovery proceeding still remains in this court under the present act a discovery proceeding, and it must proceed as heretofore up and until the moment when it is made to appear satisfactorily to the surrogate that there is a bona fide issue of legal title between the personal representatives and the person who is alleged to withhold the property. It is not enough to confer a jurisdiction on this court to submit the discovery proceeding to a jury, that a question of title may arise in the course of such proceeding. It must be shown to arise. If a question of title arise between others than the personal representative and the withholder of the property there is no jurisdiction here to determine such issue. The better title of the personal representatives must be directly and exclusively involved in such a proceeding in order to confer jurisdiction on this court to try title. To repeat, if it should develop on the

discovery proceeding that a third person lays claim to the property in possession of the party alleged to withhold possession from the personal representatives petitioning, then that single fact will still, non obstante the new Surrogates' Act, oust this court of jurisdiction, as the surrogates have no jurisdiction of such controversies wholly between others than the personal representatives petitioning. It cannot, as 1 think for the present, decide a controversy between the withholder of the property sought and a third person, even if the personal representatives also lay claim to the same property.

Every discovery proceeding in this court in the first instance continues to lie before the surrogate alone. It would destroy the efficiency of this court if all discovery proceedings necessitated in the first instance the presence of a common jury. The jury would often be detained unnecessarily, as the discovery might disclose that no issue of title really arose.

When I first read the petition and answer in this matter I thought it presented on its face a question of title, necessitating the taking of proof before me, but on a more critical reading of the papers I find it is not so. There is no issue of the better title presented on the face of the petition and answer. The petition alleges that bonds of the par value of $4,000 were given by decedent to the respondent as collateral security for notes of the decedent. It also alleges that bonds of the par value of $9,000 were given to respondent to enable him to borrow money for his own use. The petition does not allege that the bonds are now in the possession or under the control of the respondent. The answer denies that the respondent has possession of the bonds. It does not allege title in the respondent, or right to possession.

Under the pleadings the respondent should be directed to submit to examination. Section 2676, C. C. P., provides that:

"If the person directed to appear submits an answer denying * * * possession of, any property which belonged to the decedent in his lifetime, * * * he shall be sworn to answer truly all questions put to him touching the inquiry prayed for in the petition. * * * If such answer alleges title to or the right to possession of any property involved in the inquiry, the issue raised by such answer shall be heard and determined."

As the answer does not allege title in the respondent, or right to possession of the bonds,. it does not raise an issue of title under section 2676. The answer alleges only that a third party claims an interest in or may be entitled to the bonds. This does not raise an issue of title between the petitioner and the respondent, and this court could not determine the title of the third party in this proceeding. The answer having denied that the respondent has possession of the bonds, the petitioner is entitled to have him examined concerning them. The examination should be brought on before the surrogate, without a jury. The surrogate will then be enabled by the examination to give such directions and make such further orders in accordance with testimony and the principles already stated as would seem consistent and proper in the premises.

The application for an order for trial by jury is for the present denied, and future proceedings herein will be in accordance with this opinion and direction. Settle order on notice.