In the Matter of FREDERICO VIDEGARAY, Deceased. Discovery Proceeding.

CANADIAN BANK OF COMMERCE, Appellant; EUGENIO PAREDES, Administrator, etc., of FREDERICO VIDEGARAY, Deceased, Respondent.

First Department, June 7, 1918.

Decedent's estate — discovery of assets deposited with bank — proceeding brought by creditor appointed administrator of estate of citizen of foreign State — when widow in foreign State not entitled to be cited — procedure — remedy of depository by equitable suit of interpleader.

Where letters of administration on the estate of a Mexican citizen who died while residing in this State have been issued to a creditor by a Surrogate's Court in this State, the widow of the decedent residing in the foreign State (although it may be possible that she can claim American citizenship) is not entitled to be cited in a proceeding before the surrogate to discover property consisting of notes deposited with a bank in this

State, which she claims upon the ground that she is entitled to letters of administration. A discovery proceeding under section 2675 of the Code of Civil Procedure is not a proceeding designed to try out questions of title between conflicting claimants.

*It seems*, that the bank with which the notes are deposited and which claims no title thereto may bring an equitable suit of interpleader making the administrator and the widow parties and obtain a stay of the delivery of the notes *pendente lite*.

APPEAL by Canadian Bank of Commerce from an order and decree of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 17th day of January, 1918.

*Selden Bacon* of counsel [*Duer, Strong & Whitehead*, attorneys], for the appellant.

*Edward A. Brown*, for the respondent.

SHEARN, J.:

This is an appeal by the Canadian Bank of Commerce from an order of the surrogate directing it to turn over to the respondent administrator of the estate of Frederico Videgaray, deceased, certain notes formerly belonging to the decedent, and refusing to cite in the widow, who is the Mexican administratrix of his estate, who demanded delivery of the notes to her and contends on jurisdictional grounds that the respondent was not validly appointed administrator in New York. The surrogate refused to cite in the widow on the ground that this was a discovery proceeding and the only necessary or proper parties are those who have knowledge, information, possession or control of property that should be inventoried and that " there is no provision for bringing in as a party a person who is without the jurisdiction and whose personal attendance cannot be compelled."

Videgaray was a Mexican citizen and died in the city of Mexico November 28, 1916, and at the time of his death he resided in New York. His widow always resided in Mexico. The administrator was appointed on a petition showing that he is a creditor of the deceased. Citation was issued to the public administrator of the county of New York, to the Attorney-General of the State of New York and to the

Mexican consul in the city of New York. The decree granting letters was made upon the papers and it does not appear that any testimony was taken in support of the allegations therein. No allegations were made or proof submitted that the widow was an alien, and it cannot be safely inferred that she was an alien even though she resided all her life in Mexico. She might have been the child of American citizens and in such case even if born in Mexico this would not make her an alien. It is true that even though she were an American citizen her marriage to a Mexican would make her an alien until the termination of the marital relation, but not necessarily thereafter, for section 3960 of the United States Compiled Statutes 1916, Expatriation Act of March 2, 1907, provides that " Any American woman who marries a foreigner shall take the nationality of her husband. At the termination of the marital relation she may resume her American citizenship, if abroad, by registering as an American citizen within one year with a consul of the United States, or by returning to reside in the United States," etc. (34 U. S. Stat. at Large, 1228, chap. 2534, § 3.) It is, therefore, entirely possible that after the death of her husband the widow, if she were originally an American citizen, might have resumed her nationality by registering with a consul in Mexico and, as it is of course open to her to claim the same residence as that of her husband, she would have been in that event entitled to letters, and the appointment of Paredes would be void for lack of jurisdiction over the person of the widow. If the bank turned these notes over to an administrator whose appointment was thereafter held void the order of the Surrogate's Court would be no protection to the bank and it would be liable to pay over a second time to the widow. (*Roderigas* v. *East River Savings Inst.*, 76 N. Y. 316; *Matter of Killan*, 172 id. 547, 557.) The bank is, therefore, clearly in a position where it requires protection. It is quite clear, however, that a discovery proceeding under section 2675 of the Code is not a proceeding designed to try out questions of title to conflicting claimants. This is well shown by the careful opinion of the surrogate in *Matter of Silverman* (87 Misc. Rep. 571). It is unnecessary to decide whether the surrogate is without power to cite in a non-resident who is a

necessary party to even such a proceeding as this, for the widow was not a necessary party to the discovery proceeding and once. the property is discovered and it appears that the party in possession makes no claim to it, neither the widow nor any other possible · claimant is a necessary party to an order requiring the property to be turned over to the administrator. So far as concerns the validity of the order, inasmuch as the administrator appears to have been duly appointed upon papers showing the necessary jurisdictional facts, it is sufficient to say that the appellant's proof with respect to the widow's American citizenship and domicile when the letters were issued is entirely lacking in probative force. Assuming that it were competent in such a proceeding to attack the jurisdiction of the surrogate to issue the letters, appellant offers no proof, but merely suggests a possibility.

Nevertheless, a party in such a situation as the appellant finds itself is not without protection.

It would seem to be entirely feasible for the bank to bring an equitable action of interpleader, making the administrator and the widow parties, and to obtain a stay of the delivery of the notes *pendente lite*.

The order should, therefore, be affirmed, with costs.

CLARKE, P. J., LAUGHLIN, SMITH and PAGE, JJ., concurred.

Decree affirmed, with costs.