Matter of the Estate of BESSIE MILLER, Deceased.

(Surrogate's Court, Bronx County, June, 1920.)

Discovory — when surrogate has no jurisdiction to try questions of title — Code Civ. Pro. §§ 2675, 2676.

> The mother of decedent purchased certain household furniture which was used in the household of the decedent until her death, when her husband, prior to his appointment as administrator, put it in a storage warehouse in his wife's name and delivered a writing to one of the respondents directing the storage warehouse company to deliver the furniture to the mother of decedent. After the storage warehouse company had refused to deliver the property to the administrator he brought a discovery proceeding and claimed that the writing was obtained by duress. The parents of decedent claim that in consideration for the writing they gave petitioner a written agreement to put a headstone at his wife's grave, but this petitioner denied. *Held,* that the surrogate has no jurisdiction to try questions of title between conflicting claimants, particularly where the ultimate purpose of the statute, namely, to effect delivery of the property, cannot be the result of the determination. Code Civ. Pro. §§ 2675, 2676. (P. 291.)

DISCOVERY proceeding.

Moses I. Falk, for petitioner.

Harry L. Ettinger, for respondents.

SCHULZ, S. This is a discovery proceeding brought by the husband of the decedent who is the adminis-

Surrogate's Court, Bronx County, June, 1920.    [Vol. 112.

trator of her estate against the respondents, her parents. The property involved consists of a sum of money and certain household furniture, utensils, etc., a part of which latter are alleged to be in the possession of the respondents and the remainder in a storage warehouse. The answer, in addition to a denial of some of the allegations of the petition, sets up the right of the respondents to the possession of the property in storage, and it was agreed by counsel that it be deemed also to allege title to the same in the respondents.

The petitioner failed to establish a case as to the money and the property not in the storage warehouse, and in the brief submitted by his counsel the petitioner concedes that the delivery of the same cannot be directed and that the only question which remains to be determined is that affecting the property in storage.

The evidence as to the latter property was briefly to the following effect: The mother of the decedent purchased the greater part of the same on the installment plan, and claims still to own it, although the petitioner and his wife used it in their household, and the former claims it was given to his wife by her mother. It appears that there is still a considerable amount due upon it to the dealer who sold it. When the decedent went to the hospital where she eventually died, the petitioner gave up the apartment which they had theretofore occupied and put the property in question in storage in a storage warehouse in the name of the decedent. Thereafter, and before the appointment of the petitioner as administrator, he delivered a writing to one of the respondents by which he directed the storage warehouse company to deliver the furniture in question to the mother of the decedent and the former also bases her claim of title on the document in question. The petitioner claims that the paper was obtained from him by duress, whereas the respondents claim

that they gave him in return an instrument by which they agreed to put a headstone above his wife's grave, and that this was the consideration for the document aforesaid. This the petitioner denies.

In his petition he states that the storage warehouse company refuses to deliver the property, although he has offered to pay the storage charges thereon, on the ground that the respondents claim the right to the possession thereof, and he asks that this court decide who has title to the property in question as between him and the respondents.

Originally the proceedings now governed by sections 2675 and 2676 of the Code of Civil Procedure simply provided for a discovery of property which belonged to an estate and for the making of an order directing delivery thereof if found in the possession of the respondent without claim of title. If title was asserted, then the proceeding came to an end and the parties were relegated to another forum for the trial of the issue thus raised. Laws of 1893, chap. 686; *Matter of Walker,* 136 N. Y. 20; *Matter of Stewart,* 77 Hun, 564; *Matter of Cunard,* 7 N. Y. Supp. 553; *Matter of McGee,* 63 Misc. Rep. 494. By chapter 526 of the Laws of 1903 the surrogate's power was enlarged so that notwithstanding a claim of title in the answer, the petitioner might still proceed with the examination until it became apparent from the testimony of the witness under examination that a question of title was actually involved, in which event the proceeding ended unless the parties consented to its determination by the surrogate. *Matter of Heinze,* 224 N. Y. 1; *Matter of Gick,* 49 Misc. Rep. 32; affd., 113 App. Div. 16. By the revision of chapter 18 of the Code (Laws of 1914, chap. 443) the surrogate's power was further enlarged by incorporating in section 2676 thereof the provision to the effect that if the answer alleges title or the right of

Surrogate's Court, Bronx County, June, 1920.     [Vol. 112.

possession, the issue raised thereby shall be heard and determined.

While the nature of the proceeding when such an answer is interposed is somewhat changed so that instead of being simply an inquiry, a trial takes place to determine the issue raised, its purpose did not change. The proceeding is still inquisitorial. *Matter of Silverman,* 87 Misc. Rep. 571. It still is intended to provide a summary method by which the representative of a decedent can obtain property which belongs to the estate and which is in the hands of another. *Matter of Heinze, supra; Matter of Kingsley,* 111 Misc. Rep. 528. In the course of that proceeding, if it becomes necessary, the issue of title may now be determined by the surrogate but such determination is only an incident to the grant or refusal of the remedy provided, namely, an order directing delivery.

In the pending matter the property is concededly not in the actual possession of the respondents. Hence the surrogate could not direct delivery, assuming he should find the title to be in the petitioner (*Matter of Stewart, supra; Matter of Haniman,* 50 Misc. Rep. 245; *Matter of Bray,* N. Y. L. J., Jan. 10, 1917). Nor is it in their constructive possession. It is in the warehouse of the storage warehouse company where it was put, not by the respondent, but by the petitioner acting as the agent for the decedent, and in her name. Upon the latter's death, assuming that it belonged to her and not to her mother, it became the property of her estate and the petitioner, as administrator, was entitled to its possession, subject to such claims as existed against it by the storage warehouse company for unpaid storage charges, and subject possibly to the rights of the seller by reason of unpaid installments due therefor. The determination of the question of title as between the petitioner and the respondents, therefore, could not

result in an order of delivery against the respondents. At most, it might adjudicate that the title to the property was in the petitioner as the personal representative of the decedent which, among other things, would involve the question as to the force and effect, if any, of the writing heretofore referred to, and a determination as to whether or not it was obtained by duress. It is, to say the least, exceedingly doubtful whether this court has sufficient equitable powers to make a determination as to these questions. Code Civ. Pro. § 2510; *Matter of Holzworth,* 166 App. Div. 150, affd., no opinion, 215 N. Y. 700; *Matter of Mondschain,* 186 App. Div. 528; *Matter of Higgins,* 91 Misc. Rep. 387; *Matter of Brady,* 111 Misc. Rep. 492.

It is not permissible in proceedings of this character to try questions of title between conflicting claimants (*Matter of Videgaray,* 184 App. Div. 381), particularly where the ultimate purpose of the statute, namely, to effect delivery of the property, cannot be the result of the determination, and the surrogate, under such circumstances, has no jurisdiction to try such issue. If it were, numerous proceedings might arise in which the question of title between the petitioner and various claimants might have to be adjudicated. The parties should be relegated in such a case, in my opinion, to some other forum having full equitable powers where, by means of an interpleader, all the parties claiming title to the property could be brought before the court, and the entire issue determined by one adjudication.

The petition is dismissed without a finding as to the title and without prejudice to either party.

Proceeding brought under §§ 2675, 2676 of the Code of Civil Procedure.

Decreed accordingly.