In the Matter of the Application of TITLE GUARANTEE AND TRUST COMPANY, as Executor, for an Order to Compel Delivery of Property in the Estate of MARGARET F. BRENNAN, Deceased.

Surrogate's Court, Bronx County, March 31, 1927.

Surrogate's Court — jurisdiction — discovery proceeding — executor's claim is contested by others interested in estate — Surrogate's Court has no jurisdiction under Surrogate's Court Act, §§ 40, 204, 205, to determine conflicting claims of title to property — remedy by interpleader.

This discovery proceeding under sections 205 and 206 of the Surrogate's Court Act wherein decedent's executor sought to compel the delivery of certain bonds which it is claimed decedent placed in a safe deposit box must be dismissed, where the executor's claim to the bonds is contested by others interested in the estate, who also make claims against each other, for the Surrogate's Court has no jurisdiction to determine conflicting claims of the various parties through the medium of a discovery proceeding. The parties must apply to another forum where an interpleader may be had.

A discovery proceeding should be directed only against persons who have possession, control, knowledge or information concerning property or the proceeds or value thereof which should be delivered or paid to the petitioner or included in an inventory or appraisal.

Section 40 of the Surrogate's Court Act does not enlarge the power of the Surrogate's Court in so far as the same relates to a discovery proceeding under sections 205 and 206.

DISCOVERY proceeding under sections 205 and 206 of the Surrogate's Court Act.

*Woodward, Dennis & Buhler*, for the executor.

*Craig & Craig*, for Anna V. Hart.

*Harry N. French*, special guardian for Helen E. Carroll and Mary M. Carroll, infants.

*Louis S. Lewis*, special guardian for Margaret McKeown and Mary McKeown, infants.

SCHULZ, S. The executor in this estate began a discovery proceeding under sections 205 and 206 of the Surrogate's Court Act against a trust company and one Anna V. Hart, upon a petition in which it was alleged that an officer of the trust company, under instructions from the decedent, had placed certain bonds which were her property, in a safe deposit box of the trust company, rented in the name of the respondent Hart, and retained the key thereof in his possession, and asked that a decree be made directing the respondents to deliver the said bonds and coupons to the petitioner.

The respondent Hart filed an affidavit in opposition, in which she set forth the alleged circumstances under which the bonds came into her possession and under her control, claiming that she holds the same upon a trust for the benefit of two minors, Helen E. Carroll and Mary M. Carroll, but that a part of such trust is illegal and that by reason of such illegality the decedent died intestate as to a part of such bonds, and that she holds such part in trust for the next of kin of the decedent. Upon the hearing she made the further contention that the bonds were a gift to her with certain conditions attached to the same, but before the close of the examination she waived all personal interest that she had or might have in them. She set forth in her affidavit the names of the next of kin of the decedent, who, she claimed, were interested in the estate, if there was a partial intestacy. Thereupon the petitioner submitted a new petition and obtained a new order directed to the trust company, Anna V. Hart, the infant beneficiaries and all of the next of kin of the deceased.

Upon the application of the Carroll infants, a special guardian was appointed for them. Two of the next of kin, Mary McKeown and Margaret McKeown, were infants, and for them also a special guardian was appointed. No one appeared by counsel, except the respondent Hart, and the infants through their special guardians, and none of the parties except Mrs. Hart interposed an answer.

In so far as this answer urges that a partial intestacy resulted, it raises no issue of title for, if this contention is correct, it would not be a bar to the executor's right to the possession of the bonds for purposes of administration. In *Blood* v. *Kane* (130 N. Y. 514) it was held that " an executor, as such, takes the unqualified legal title of all personalty not specifically bequeathed, and a qualified legal title to that which is so bequeathed. He holds not in his own right, but as a trustee, for the benefit (1) of the creditors of the testator, and (2) of those entitled to distribution under the will, or if not all bequeathed, under the Statute of Distributions," and in *Wager* v. *Wager* (89 N. Y. 161) the court said that " So far as the property is effectually disposed of by the will, the executor holds it in trust for the legatees or beneficiaries, and, according to the law of this country, if there is any part of such property or any interest therein not effectually disposed of by the will, he holds it in trust for those who are entitled to it under the Statute of Distributions." (Citing *Bowers* v. *Smith*, 10 Paige, 193; 1 Williams Executors, 294; 2 Story's Eq. Juris. § 1208; *Hays* v. *Jackson*, 6 Mass. 153.) (See, also, *Mott* v. *Ackerman*, 92 N. Y. 539, 553; *Jones* v. *Kelly*, 63 App. Div. 614; affd., 170 N. Y. 401; *Matter of Maccafil*, 127 App. Div. 21, 25; *Matter of Ogden*, 41 Misc. 158, 165.) The claim,

however, that she is trustee for the next of kin, and her contention upon the hearing, are in direct conflict with the claim of the executor and of the special guardian for the Carroll infants.

Upon the hearing the special guardian for the Carroll infants contended that title to the bonds vested in and that they are the property of his wards, and the special guardian for the McKeown infants urged that a gift *causa mortis* had been made to the respondent Hart, and if there was no gift, then that an intestacy had occurred, and in consequence his wards have an interest therein.

It is apparent from the above that the proceeding presents a number of conflicting claims, and the first question to be determined is whether the surrogate has jurisdiction in a discovery proceeding to decide questions of title where such a situation obtains. All of the counsel and the special guardians litigated the matter before me upon the theory that I had a right to determine the controversy. The matter, however, is jurisdictional, and my authority, if any, must be found in the statute.

Originally the statute provided simply for an inquiry through which the representative of the estate could obtain possession of property, in the hands of another, which belonged to the estate, and as to which there was no question of title, or by means of which he could obtain information concerning property which should be in his hands. (Laws of 1870, chap. 394.) By chapter 178 of the Laws of 1880 the provisions of this statute became a part of the Code of Civil Procedure (§§ 2710–2714). An amendment (Laws of 1881, chap. 535) provided that if the answer set up title or right to possession in the respondent, the surrogate no longer had jurisdiction. (*Matter of Walker,* 136 N. Y. 20; *Doyle* v. *Doyle,* 15 N. Y. St. Repr. 318; *Matter of O'Brien,* 34 Misc. 436; affd., 65 App. Div. 282.) In 1893 (Laws of 1893, chap. 686) sections 2710–2714 of the Code were consolidated and became sections 2709 and 2710. Subsequent legislation provided that the examination might proceed if a claim of title was set up, but the authority of the surrogate came to an end if it appeared on the examination that the facts as to the petitioner's right were in dispute, unless the parties consented to a determination by him. (Laws of 1903, chap. 526; *Matter of McGee,* 63 Misc. 494; *Matter of Gick,* 49 id. 32; affd., 113 App. Div. 16.) Later the numbers of the sections were changed and became section 2676 of the Code, and the jurisdiction of the surrogate was further broadened so that if an answer was interposed alleging title to or right to possession of any property involved in the inquiry, the issue raised by such answer could be heard and determined and a decree made accordingly (Laws of 1914, chap. 443), thus changing the character of the proceeding, under such

circumstances, from an inquiry to a trial. (See Revisers' Note of 1914.)

From the date of the amendment last mentioned to the present time, several acts have been passed which affected the section in question. Through chapter 928 of the Laws of 1920 the section became section 206 of the Surrogate's Court Act, and by chapter 100 of the Laws of 1924 the petitioner was given a remedy in case the estate property had been diverted or disposed of by the respond-ent. (*Matter of Fraley*, 129 Misc. 803.) All of these changes, however, did not in any way affect the pending question as to the jurisdiction of the surrogate to decide conflicting claims in a discovery proceeding, and hence it follows that the cases decided while the law was as fixed by the statute of 1914 are still authorities.

In *Matter of Silverman* (87 Misc. 571), decided in 1914, the surrogate referred to the amendment of that year, and said: " If a question of title arise between others than the personal representative and the withholder of the property there is no jurisdiction here to determine such issue. The better title of the personal representatives must be directly and exclusively involved in such a proceeding in order to confer jurisdiction on this court to try title. To repeat, if it should develop on the discovery proceeding that a third person lays claim to the property in possession of the party alleged to withhold possession from the personal representatives petitioning, then that single fact will still, *non obstante* the new Surrogates' Act, oust this court of jurisdiction, as the surrogates have no jurisdiction of such controversies wholly between others than the personal representatives petitioning. It cannot, as I think for the present, decide a controversy between the withholder of the property sought and a third person, even if the personal representatives also lay claim to the same property."

In *Matter of Videgaray* (184 App. Div. 381, 383), decided in 1918, the court said: " It is quite clear, however, that a discovery proceeding under section 2675 of the Code is not a proceeding designed to try out questions of title to conflicting claimants. This is well shown by the careful opinion of the surrogate in *Matter of Silverman* (87 Misc. Rep. 571)."

In 1918 the Court of Appeals in *Matter of Heinze* (224 N. Y. 1) held that a discovery proceeding was still essentially inquisitorial in character. (See, also, *Matter of Gick, supra; Matter of Hyams*, 237 N. Y. 211.)

It appears, therefore, that notwithstanding the enlarged powers given to the surrogate by the amendment of 1914, he is still without jurisdiction to determine an issue of title when the same is not raised in the answer or where there are conflicting claims, unless

such jurisdiction has been conferred since the cases cited, by some other act.

In this connection, it becomes necessary to examine the amendment of section 40 of the Surrogate's Court Act, formerly section 2510 of the Code of Civil Procedure. Prior to 1921 it had been held that while the section begins with a broad, general grant of equity powers, the cases and manner in which the surrogate might exercise his equitable jurisdiction was specified particularly in the eight subdivisions of that section which follow the general grant of power, and that he could only exercise such power within any of the cases specified in the subdivisions mentioned. (*Matter of Holzworth*, 166 App. Div. 150; affd., 215 N. Y. 700; *Matter of Mondshain*, 186 App. Div. 528.)

The amendments to that section (Laws of 1921, chap. 439; Laws of 1924, chap. 100) have enlarged such equitable jurisdiction, and the contention is that under such enlarged powers the surrogate has a right to adjudicate these conflicting claims. As this amendment was subsequent to the cases above referred to, it might follow that the law as enunciated in them was changed so that the court now has such jurisdiction. Whatever doubt might exist, however, is removed, and the question is solved, so far as this court is concerned, by *Matter of Hyams* (*supra*), for there the court said: " It is suggested that when sections 205 and 206 are read in connection with section 40 of the Surrogate's Court Act, it has the power to determine all matters necessary to be determined in order to make a full, equitable and complete disposition of the matter involved. Section 40 does not enlarge the powers of the Surrogate's Court in so far as the same relate to a discovery under sections 205 and 206.''

I find no authority which holds that through the medium of a discovery proceeding, all persons who may have a claim to the subject-matter can be brought before a surrogate and compelled to litigate their differences. Such a proceeding should be directed only against persons who have possession, control, knowledge or information concerning property or the proceeds or value thereof which should be delivered or paid to the petitioner or included in an inventory or appraisal. (Surrogate's Court Act, § 205; *Matter of Videgaray*, *supra*; *Matter of Richardson*, 31 Misc. 666; *Matter of O'Brien*, *supra*.) I reach the conclusion, therefore, that I have no jurisdiction to decide the conflicting claims of the various parties who have been brought into this proceeding, only one of whom has filed an answer, but all of whom have advanced claims upon the hearing, not only as against the right of the executor, but as against each other, and that the parties must apply to another forum where an interpleader may be had. (Civ. Prac. Act, § 287; *Matter of*

*Videgaray, supra.*) This was in effect my holding in *Matter of Miller* (112 Misc. 287). (See, also, opinion of Surrogate FOLEY in *Matter of Wollenhagen*, N. Y. L. J. March 8, 1927.)

While I would be pleased to accede to the wishes of the parties and determine the controversy, under the statute, I have no jurisdiction to do so, and as the authority cannot be conferred by consent, my decree would not legally bind any of the parties. Whenever there is a want of authority to hear and determine the subject-matter of a controversy, an adjudication upon the merits is a nullity and does not estop even an assenting party. (*Chemung Canal Bank* v. *Judson*, 8 N. Y. 254; *Matter of Walker, supra; Matter of Mathewson*, 210 App. Div. 572; *Matter of Mondshain, supra; Matter of O'Connell*, 123 Misc. 955; *Matter of Silverman, supra*.)

As the matter is not decided upon the merits, it is unnecessary for me to pass upon the competency of the respondent Hart as a witness, which question was reserved for determination until the conclusion of the proceeding.

For the reasons stated, the application is dismissed, with an allowance to each of the special guardians payable out of the estate.

Settle decision and decree accordingly.