In the Matter of the Estate of DORA KRASNOFSKY, Deceased.

Surrogate's Court, New York County. January 2, 1936.

*Theodore Lotz,* for the administrator, petitioner.

*Solon Weit,* for the respondent The Prudential Insurance Company.

*Salvatore Freda,* for the respondent Anna Silverman.

FOLEY, S. In this discovery proceeding a dispute has arisen as to the ownership of the proceeds of two industrial life insurance policies upon the life of the decedent. The administrator claims that the moneys are the property of the estate. One of the respondents, Anna Silverman, contends that they belong to her because of the fact that she paid all of the premiums, with the exception of a very small amount, during the period of almost nine years during which the policies were in existence. The Prudential Insurance Company, the other respondent, in its answer raises further questions based upon the misrepresentation of the age of the decedent whereby it is claimed that an adjustment should be made because of the increased premiums which should have been charged.

Upon motion duly made in this court, there was transferred to it, pursuant to the provisions of subdivision 9 of section 40 of the Surrogate's Court Act, an action pending between the respondent

Silverman and the insurance company in the Municipal Court of the City of New York brought for the recovery of the premiums paid upon the policies. The pleadings in that action raised other issues between the parties, which are not of importance here. The administrator of the estate had not been made a party to the action. The action was consolidated with the pending discovery proceeding.

The evidence upon the trial conclusively establishes that the estate has no interest in the policies or their proceeds. At most these proceeds would amount to the sum of $500. The respondent Anna Silverman, it has been proven, paid at least the sum of $507 in premiums, either by way of advancement for the decedent or her daughter or upon her own liability arising out of the original issuance of the policies. If interest be added to the amounts actually paid by her, there will be a further increase in the amount now due to her. One who pays the premiums on an industrial policy upon the life of another person has an equitable lien upon the proceeds after the death of the insured. (*McCarthy* v. *Prudential Ins. Co.,* 252 N. Y. 459.) As between the estate and Anna Silverman, the respondent, the latter's equitable lien or claim would completely exhaust the proceeds of the policies even if the maximum amount was payable. I accordingly hold that the estate is not entitled to any recovery and that the proceeding must be dismissed as to both respondents upon the merits.

There remains the consideration of the issues between Anna Silverman and the insurance company. It is urged because the Municipal Court action has been transferred to this court, that a complete and final determination should be made between the third parties. That contention finds no support in the Surrogate's Court Act or in the pertinent decisions.

With the general powers and authority conferred by section 40 over matters affecting decedents' estates and under the specific provisions of sections 205 and 206 relating to discovery proceedings, we may determine in the first instance whether the property or its proceeds belong to the estate and should be delivered to the executor, administrator or other legal representative. When a determination is reached that the estate has no interest in the property or its proceeds, our jurisdiction ends and we may not decide the conflicting claims of the various respondents as between themselves. (*Matter of Brennan,* 129 Misc. 283; *Isaacs* v. *Isaacs,* 208 App. Div. 61; *Matter of Thomas,* 235 id. 450.) The determination of these questions must be had in some other forum. The remaining issues, therefore, between Anna Silverman and the insurance company will be remitted to the Municipal Court for trial and disposition there.

Submit decree, on notice, dismissing the proceeding and providing for remission accordingly.