McCurn, J.
The administrator of Franciszka Jagodzinska, deceased, instituted a discovery proceeding to determine among other things his right as administrator to the ownership and possession of moneys on deposit in the joint names of Franciszka Jagodzinska and Lottie Drzyzga, a daughter of said deceased in the Marine Trust Company of Buffalo, New York. It appears from the record that in January, 1926, Mrs. Jagodzinska opened an account in her own name in the same bank or its predecessor and that on October 19, 1939, she appeared at the bank in company with her daughter Lottie Drzyzga and arranged to transfer the account to one entitled “Franciszka Jagodzinska and Lottie Drzyzga to be paid to either, or the survivor of them.” The new account was opened in the sum of $3,167.68. The form of the account remained unchanged and at the time of Mrs. Jagodzinska ’s death on December 31,1943, there was $2,839.66 on deposit in it. The Surrogate decided that such moneys were the property of the estate and a decree was entered accordingly.
When such an account is established in accordance with the provisions of the Banking Law (§ 134, subd. 3; § 239, subd. 3) a presumption arises that the depositors named intended to become joint owners of the deposit with all the incidents attached to such ownership, including the vesting of title in the survivor. When the depository is a savings bank, the statute by its terms makes conclusive the presumption in favor of the survivor in respect to any moneys left in the account (Banking Law, § 239, subd. 3; Moskowitz v. Marrow, 251 N. Y. 380; Matter of Porianda, 256 N. Y. 423; Matter of Juedel, 280 N. Y. 37). When as in this case the depository is a commercial bank the presumption in favor of the survivor is a rebuttable presumption (see Banking Law, § 134, subd. 3; Havens v. Havens, 126 Misc. 155, affd. 215 App. Div. 756; Clary v. Fitzgerald, 155 App. Div. 659; affd. 213 N. Y. 696; Matter of Hickmott, 256 App. Div. 1047). The parties here all agree and the court has likewise found that the account is in statutory form and a rebuttable presumption that appellant became the sole owner of the fund upon her mother’s death results.
*662 Since the presumption continues until it is overcome by competent proof of facts to the contrary, obviously the burden of rebutting the presumption is upon the administrator (see Havens v. Havens, 126 Misc. 155, 170, supra). Matter of McCarthy (164 Misc. 719) cited in support of the decree appealed from is not an authority to the contrary. There, it appeared that there was no conscious acquiescence by the deceased in the form of the deposit and the court applied common-law rules to determine whether a gift of the bankbook or the money represented thereby was made by the deceased. (Compare Matter of Fenelon, 262 N. Y. 57, with Matter of Fenelon, 262 N. Y. 308.) To destroy the presumption there must be competent evidence that no joint tenancy was originally intended or created (Matter of Porianda, 256 N. Y. 423, 426, supra).
A daughter-in-law of the deceased testified that she happened to be in the bank on October 19, 1939, the day the joint account was established and saw the deceased there and asked her what she was doing and that the deceased replied “ I don’t feel good, but Lottie said to get some money out in case I was sick ”. The bank records do not show that she withdrew any money from the bank on that day but on the contrary show that she deposited $500. The inference if any from that conversation would seem to be that she did not want the daughter-in-law to know the real purpose of her visit to the bank. Certainly there is no basis in the. conversation for an inference as to "her intent in opening the joint account.
The fact that the bankbook remained in the possession of the mother and that the daughter never drew any money from the account for her individual use is not inconsistent with an intent to create a joint account including survivorship.
There was testimony to the effect that on occasions subsequent to the date of the deposit in question her children and on one occasion her grandson had suggested that she make a will and on each occasion she had replied in substance that she did not like wills; that everyone would get an equal share; that “ One isn’t any better than the other; they are all my children.” Such statements made by the deceased after the account was established and not in the presence of appellant are in the nature of hearsay declarations incompetent against the appellant and not available to “ shatter the presumption that a title was intended ” (Marrow v. Moshowitz, 255 N. Y. 219, 222; Moshowitz v. Marrow, 251 N. Y. 380, 400, supra; Tierney v. Fitzpatrick, 195 N. Y. 433, 434, 435; Mabie v. Bailey, 95 N. Y. 206, 211).
The administrator introduced evidence to the effect that in October, 1939, the deceased was not feeling well, was suffering *663 from varicose veins and had difficulty in walking and she also was suffering from kidney trouble, for the purpose of creating an inference that the account was placed in joint control with the daughter as a matter of convenience so that the daughter might go to the bank for her and obtain funds when needed. While the mother’s ill health might have been a corroborating circumstance, if there had been other evidence to show that her intent in opening the account ivas contrary to the presumption, still in the absence of any such other evidence her disabilities were not important (Marrow v. Moshkowitz, 255 N. Y. 219, 222, supra).
The attorney who procured the appointment of the administrator testified that on the return day of the citation the sons and daughters were present in Surrogate’s Court and there was difficulty in reaching an agreement as to who would be the administrator. He testified that after the matter was concluded he talked with Lottie Drzyzga, the appellant, in the corridor outside of the courtroom and told her that he understood that she had funds belonging to the estate, to which she answered that she had funds at the bank ‘ ‘ and got them from the- mother for the purpose of distribution, but in view of what happened in Court she would take her time and distribute this money * * * whenever she felt like it, and in any manner she felt like.” She said “ she had money, but the money was left by her mother for her to divide between the children.” Appellant denied making such statements, but in any event, the. testimony does not tend to destroy the presumption of title in the survivor. If there was any agreement between the appellant and her deceased mother which imposed a trust for the benefit of her brothers and sisters upon the moneys which appellant took as survivor that would not destroy her rights as survivor or let the estate in for the fund. Ho such claim against the appellant on the part of the brothers and sisters or any of them is asserted here. In any event it would not affect the administration of the estate and is not in issue in this discovery proceeding. The only issue for determination here is whether the estate is entitled to the fund. (Surrogate’s Ct. Act, § 205; Matter of Krasnofsky, 157 Misc. 759, 760; Matter of Brennan, 129 Misc. 283; see, also, 3 Warren’s Heaton on Surrogates’ Court [6th ed.], § 235, par. 3, subd. [c].)
We find in the record no competent evidence sufficient to rebut the presumption that Franciszka Jagodzinska, at the time she established the account in question, intended to create a joint account including rights of survivorship with her daughter Lottie Drzyzga, this appellant.
*664 The administrator introduced in evidence the signature card produced at the hearing by an employee of the bank. Printed upon the face of the signature card and executed by both the deceased and her daughter at the time of the deposit, is an express declaration of their intention in making the deposit. Such declaration reads in part as follows: “We declare that we are the joint owners of the money this day deposited in said account and that any future deposits made by. either of us in said account or any interest accrued or credited thereon shall be and is our joint property, either one of us, before or after the death of the other, may sign checks, receipts or orders on said account, whether drawn to the individual order of the signer or otherwise, and receive the whole or any part of said moneys before or after the death of the other, and we hereby authorize and empower you to make payment of all or any part of said moneys on the signature of either of us and hereby acquit you for any and all payments so made; at the death of either of us, the survivor shall take absolute and single oivnership of the balance then due the account. * * *
Authorized Signature
Frakciszka Jagodziitska Lottie Dbzyzga
Joint Interest Account.” (Emphasis supplied.)
Such declaration made by the deceased contemporaneously "with depositing the money is competent evidence against the administrator as to the intent of the deceased entirely apart from the presumption flowing from the form of the deposit. (Von Sachs v. Kretz, 72 N. Y. 548, 555; People v. Storrs, 207 N. Y. 147, 161.) Upwards of four years elapsed between the time she established the bank account and her death. She had possession of the bankbook and could easily have effected .a change had she so desired.
We conclude that the estate has no interest in the money left in the joint account on the death of Mrs. Jagodzinska.
The decree appealed from, insofar as it adjudges that the administrator has title to and the right to possession of the said sum of $2,839.66 left in the joint account, should be reversed and the petition should be dismissed insofar as it relates to such money. The decree should be so modified and as modified affirmed, without costs.
! All concur. Present — Habéis, McCubx, Larkin and Love, JJ.
1 Decree modified on the facts in accordance-with.the opinion and as modified affirmed, without costs of this appeal to any party. Findings of fact made.