In the Matter of the Estate of ELIZABETH SZEBEN, Deceased.

Surrogate's Court, New York County, November 23, 1951.

*Heller & Grossman* for Paul Friedenstein, respondent.

*Nathan Coplan* for Paul Berliz appearing specially.

*Bernard Steinman* for Nicholas R. Doman, as ancillary administrator of the estate of Elizabeth Szeben, deceased, petitioner.

FRANKENTHALER, S. The respondent in a discovery proceeding moves to bring in as additional parties respondent George Szell and Paul Berliz, the persons to whom respondent delivered property which is the subject matter of the proceeding. The ancillary administrator of decedent (who is the petitioner in the discovery proceeding) and Paul Berliz resist the attempt to bring in additional parties respondent.

The petition in the discovery proceeding seeks to recover certain securities and other property (or the proceeds or value thereof), which had been on deposit with a firm of stockbrokers and which had been delivered to respondent Paul Friedenstein. The petition alleged that Friedenstein had unlawfully delivered securities to George Szell who had converted them to his own use and it named Szell as a respondent, but service of the discovery order was never made upon Szell. Respondent Friedenstein was served, duly appeared and was examined. Thereafter a supplemental petition was filed, praying that respondent be compelled to turn over the property or its proceeds. In his formal answer, respondent denied that decedent owned the property, asserted that it was owned by her husband, Desider Szeben, and alleged that a substantial portion had been delivered to George Szell, at the latter's request and upon instructions from the husband. The answer also alleged that after making certain payments for the benefit of decedent's son, the balance was delivered to Paul Berliz, at his request and upon the instructions of decedent's husband.

The petitioner, who originally named Szell as one of the respondents, now opposes bringing in either of the named persons on the ground that neither of them " claims an interest " in the property and thus neither comes within the terms of section 205 of the Surrogate's Court Act. Paul Berliz contends that the respondent has no capacity to bring in additional parties in a discovery proceeding and that this court has no jurisdiction of a claim by respondent Friedenstein against Berliz.

Jurisdiction to bring in additional parties in a discovery proceeding is expressly conferred by section 205 of the Surrogate's Court Act, as amended in 1939 (L. 1939, ch. 343). The amendment inserted in the statute the following next text: " If it shall appear from the petition or from the answer interposed thereto or in the course of the inquiry made pursuant to the order that a person other than the respondent in the proceeding claims an interest in the property or the proceeds or the value thereof, the surrogate may by the original order or by supplemental order, as the case may require, direct such additional party to attend and to be examined in the proceeding in respect of his adverse claim, and to deliver the property if in his control, or the proceeds or value thereof." The explanatory note printed with the legislative bill (see 1939, Assembly Int. 1695, Pr. No. 2641). sets forth the purpose and extent of the amendment as follows: " An amendment is also proposed to authorize the bringing in of third parties who may claim title to or a right to possession of

the personal property or the proceeds thereof sought to be discovered by the representative of the estate. In *Matter of Krasnofsky* (157 Misc. 759) it was held that the Surrogate's Court had no jurisdiction in a discovery proceeding to determine conflicting claims between the respondents where a determination had already been reached by the Surrogate that the estate had no interest in the proceeds sought to be discovered. The amendment is limited to a determination between the representative of the estate and all other claimants as to whether title is in the estate. It is not intended that the Surrogate's Court be given jurisdiction, where title is determined not to be in the estate, to proceed to adjudicate the rights of third parties to title or possession as between themselves. The latter class of controversies properly belong in other courts which have jurisdiction to try disputes between individual parties. The amendment is so phrased that whenever in the proceeding it shall be determined that the estate has no interest in the property or the proceeds or value thereof the proceeding must be dismissed."

Those opposing respondent's application contend that he is attempting to litigate rights and liabilities as between himself and the third parties and that this court has no jurisdiction to adjudicate such rights and liabilities. It is true that in his moving papers, respondent did make reference to the liability of such persons to him in the event he were liable to the estate. It is clear, however, from the moving papers that respondent's motion is based upon section 205 of the Surrogate's Court Act, and that his purpose in seeking to bring them in is to litigate in the one proceeding all claims to title, special property or right to possession of the property. Respondent Friedenstein does not claim any personal interest in the property. He held it only as banker or agent. If the estate is found to have no title to the property, the third parties have nothing further to litigate as among themselves because they do not pretend to have adverse claims against each other. If, on the other hand, it be adjudicated that decedent owned the property, it is necessary that all persons having possession of the property or claims thereto be brought before the court, so that a full and complete determination can be made and the court can direct that delivery of the property to the estate be made by such person or persons as are found to be in possession of all or any part of it or its proceeds.

The argument that neither Szell or Berliz " claims an interest in the property or the proceeds or the value thereof " and that the conditions of section 205 are not therefore satisfied, is based upon the fact that neither of them has attempted to intervene

and neither has made formal claim to the property. However, it appears from the answer, as well as from the inquiry, that each of them did claim an interest in the property to the extent that each requested respondent Friedenstein to deliver portions of the property to him. Indeed the supplemental petition incorporates documents wherein Szell claimed the securities as his " sole and unlimited property ". Doubtless it is true that because each of them actually obtained possession of the property, neither is now affirmatively making a new claim and neither is anxious to inject himself into litigation which might disturb his right to possession or impose liability on him. Section 205 does not require that a third party make formal claim to full and complete ownership. It is sufficient if the answer or the examination of respondent discloses that a third person claims " an interest in the property or the proceeds or the value thereof." It appears from respondent's examination and his answer that Szell and Berliz heretofore asserted an interest in the property, namely, a right to possession and control of it, and that they actually obtained possession of it. The court cannot make a full and complete determination of ownership and right to possession without disposing of their claims which are adverse to those of petitioner.

The contention is also made that respondent cannot take the initiative to bring in additional parties. Only the estate representative, it is said, can institute discovery or can extend it by adding parties respondent. The statute is silent as to the right of either party to move for relief. It says only that " the surrogate may by the original order or by supplemental order, as the case may require, direct such additional party to attend ". The text permits the court to act of its own motion when justice requires it. The court unquestionably has jurisdiction to act whenever any party to the proceeding calls attention to the fact that justice requires it to do so.

The position of the ancillary administrator on this motion is difficult to understand. In proceedings heretofore he has questioned respondent's financial ability to satisfy a decree directing payment of the value of the property. He now takes the position that respondent is so well able to answer the demand that petitioner has no interest in following the property or recovering it or its value from those ultimately receiving it. It does not appear where decedent's husband, a nonresident, stands in this litigation. Respondent, however, is in a position where he can justifiably fear that all hands may join to impose liability on him alone on the theory that decedent owned the property, and that

when he attempts to pursue the property, all hands may join to prove ownership in decedent's husband. Respondent desires that all parties be required now to vindicate the rights they heretofore asserted or to be forever foreclosed and that petitioner pursue his claim, if valid, against all claimants. Justice requires that all available parties be brought before the court. The application is, therefore granted.

Submit order on notice accordingly.